Peelle, J.,
delivered the opinion of the court:
The claimant seeks to recover for one month’s extra pay under the contract set forth in the findings, entered into by her decedent and the defendants for the transportation of the-United States mail over post route No. 39109, in the Territory of New Mexico, from July 1,1878, to June 30, 1882.
The contract, among other things, provides:
“3d. To take the mail and every part thereof from, and' deliver it and every part thereof at, each post-office on the-route, or that may hereafter be established on the route (or on any route that may hereafter be established and to which this contract may be extended as hereinafter provided), and into the post-office at each end of the route, and into the post-office, if one is there kept, at the place at which the carrier stops for the night, and if no post-office is there kept to lock it up in some secure place, at the risk of the contractor.”
On October 29,1878, the Postmaster-General made the order set forth in finding v, whereby, among other things, the schedule time was reduced from one hundred and eighty hours to one hundred and twenty hours, and for such increased or expedited service the contractor was allowed the additional, sum of $21,876.55 per annum.
*341 Thereafter the Postmaster-General made tbe order set forth in finding Yi, whereby the schedule time, provided for by the preceding order, was increased from one hundred and twenty hours to one hundred and eighty hours, thereby restoring the original schedule time. No allowance was made to the contractor for the service so dispensed with, and it is for this that the claimant, under the provisions of the contract recited, seeks to recover one month’s extra pay, amounting to $1,823.05.
The defendants do not controvert the claimant’s right to recover, but interpose a counterclaim for the sum of $33,921.69, originating as set forth in findings x, XI, and xn, for which they demand judgment.
It will be observed that in the advertisement for proposals the distance of the route was stated at 442J miles. The distance was not- stated in the contract, though the route was otherwise described the same as in the advertisement.
After the execution of the contract and before the contractor began to carry the mails thereunder, he, at the request of the Postmaster-General therefor, furnished him with “the official names of the post-offices on New Mexico route No. 39109 between Las Vegas and Las Cruces,” giving the distance from one office to another, and stating the total distance of the route at 429 miles.
And among other things, the contractor, in giving the official names of the post-offices on the route, stated that Romeroville, Las Ojitos, Roswell, and Lincoln were located on the route, though these names did not appear in the advertisement, nor were they inserted in the contract.
This action on the part of the contractor indicates very clearly the route as he understood it, i. e., that the only practical route was via Romeroville, Las Ojitos, Roswell, and Lincoln, and that the distance was 429 miles.
We are strengthened in this view by the findings which show that the route via Roswell was the only practical route and that the contractor during the whole period of his contract transported the mails via Roswell.
Consequently, he was so transporting the mails when the order of September 12, 1878, was made embracing Boswell on the route between Fort Sumner and Fort Stanton from July 1, 1878.
Boswell was iu existence as a post-office at and before the *342 time tbe contract went into effect, as stated by the contractor in his response to the Postmaster-General, and was located on the route over which he was to transport the mails, so that by the terms of his contract, as construed by himself, it was his duty “to take the mails and every part thereof from, and deliver it and every part thereof at, each post-office on the route or that may hereafter be established on the route,” without extra pay, as no change of distance was involved or additional stock or carriers required. (R. S., sec. 3961.)
' When the order embracing Roswell on the route was modified by the order of October 24, 1878, as set forth in finding-iv, it was stated that the length of the route was 367 miles, and that by embracing Roswell thereon the distance was increased 62 miles, for which the contractor Avas allowed and paid $2,517.16 per annum additional pay during the whole period of his contract.
This latter order Avas not only in conflict with the distance as given in the advertisement for proposals, but Avas in conflict with the distance as given by the contractor in his own handwriting, and the court is without explanation with reference thereto.
Under Revised Statutes, section 3941, it is made the duty of the Postmaster-General, before making any contract for carrying the mails, to advertise for proposals, among other things describing the routes; and by Revised Statutes, section 3949, all contracts “shall be awarded to the lowest bidder tendering-sufficient guaranties for faithful performance.”
The contract once entered into and existing, its terms could not be changed except in the manner specified in Revised Statutes, sections 3957, 3958, and 3959, requiring notice and a letting “the same as at the letting- of original contracts.”
Under Revised Statutes, section 3960, the Postmaster-General is authorized to allow a contractor compensation, as therein provided, for additional service, expressing in the order requiring such additional service the sum to be paid therefor.
But before compensation can be paid under such order, it must appear not only that the sum to be paid was “ expressed in the order and entered upon the books of the Department,”' but that service additional to that embraced in the contract has been performed.
The defendants, in their advertisement for proposals, after describing the route, stated the distance at 442J miles,- while *343 tbe contractor, in. response to tbe request of tbe Postmaster-General tberefor, stated, in bis own bandwriting, the distance at 429 miles, and that Boswell was one of tbe post-offices on tbe route. So that tbe contractor construed bis contract to embrace Boswell as one of tbe post-offices to and from which be was to transport tbe mails.
He did so transport tbe mails during tbe whole period of bis contract, and there was no other practical route over which be could have performed tbe service, and this be was presumed to know, especially under tbe instructions given to bidders as set forth in finding I.
We conclude, therefore, that no additional service to that contemplated by tbe advertisement and tbe contract was performed by tbe contractor in carrying the mails to and from Boswell and that tbe order fixing compensation tberefor was in violation of law, as tbe contractor was bound to know.
It follows that tbe money paid to tbe contractor by reason of tbe assumed increase in distance due to the order embracing Boswell on tbe route, as set forth in findings x, xi, and xii, was illegally paid, as tbe contractor was bound to know.
It was not contended on tbe trial that money so paid could not be recovered back on tbe counterclaim, as tbe claimant’s theory of the case was that tbe order embracing Boswell on tbe route was for “ additional service ” within tbe meaning of Bevised Statutes, section 3960, and that tbe order fixing compensation tberefor was valid, and hence tbe counterclaim bad no foundation.
But having reached a conclusion adverse to the claimant’s contention, it only remains to say that tbe one month’s extra pay sought to be recovered is in part based on tbe assumed increase in distance due to tbe order embracing Boswell on tbe route, which runs through tbe whole account, and we think tbe suit in effect challenges tbe correctness of tbe accounts as settled and invites tbe court to go behind that settlement, to reexamine all tbe questions arising out of tbe claim for tbe one month’s extra pay. (McElrath v. United States, 102 U. S., 426, 441; The United States v. Burchard, 125 U. S., 176, 180.)
Our conclusion is that on the whole case tbe defendants are entitled to recover on their counterclaim tbe sum of $32,098.64, and judgment will accordingly be entered against tbe claimant as administratrix of tbe estate of Cornelius Cosgrove, deceased, to be paid out of tbe estate, if any, of said deceased.