Peelle, J.,
delivered the opinion of the court:
The question in this case arises on the following motion:
“And now comes Cornelius B. Cosgrove, one of the heirs at law of the late Cornelius Cosgrove, and moves this honorable court to dismiss the petition and counterclaim filed herein, for the reason that at the time, August 4,1892, the suit herein was revived in the name of Amanda M. Cosgrove, “ administratrix,” she was functus officio as such, having been fully discharged as administratrix of said estate February 20,1892, nearly six months previous.”
The facts are briefly these:
The action was originally commenced by Cornelius Cosgrove to recover for one month’s extra pay, as a mail contractor, the *169 same being pro rata for “service dispensed with.” See Cosgrove Admx.’s Case (31 C. Cls. R., 332).
Pending the action he died, and some months thereafter the following motion was filed:
“And now comes the claimant, by Samuel M. Lake, her attorney, and suggests to the court that since the filing of the petition in the above-entitled cause the claimant mentioned therein has died; that his widow, Amanda M. Cosgrove, has been appointed administratrix of the estate of said deceased claimant, and as such is the proper claimant herein, and that said claimant desires to amend such petition accordingly, and moves the court for leave to amend this petition in the above-entitled cause.”
The motion thus filed was allowed, and on October 25,1892, Amanda M. Cosgrove, administratrix of the estate of Cornelius Cosgrove, deceased, filed an amended petition, which was subscribed and sworn to by her as such administratrix.
Thereafter, to wit, January 16, 1896, the defendants filed their counterclaim to recover for moneys overpaid to said contractor under the same contract, as set forth in findings x, xi, and xii, page 339, Cosgrove’s Case (supra).
On the final hearing, to wit, June 15,1896, the one month’s extra pay as claimed was allowed to the administratrix, and so much thereof as was necessary was ordered set off against the amount so allowed, and judgment was rendered against Amanda M. Cosgrove, administratrix of the estate of Cornelius Cosgrove, deceased, on the counterclaim for the balance due thereon to the defendants, amounting to $32,098.64, “to be paid out of the estate, if any, of said deceased.”
Thereafter, to wit, April 7,1897, Cornelius B. Cosgrove, as one of the heirs of Cornelius Cosgrove, deceased, filed an inter-plea in the nature of a motion to vacate the judgment, alleging that at the time Amanda M. Cosgrove, administratrix, etc., was substituted as claimant in the.case she had been discharged as such administratrix, and for that reason the judgment was a nullity.
In connection with the interplea the parties agreed upon certain facts, among which were that along with the motion heretofore set out, asking leave to amend the petition by the substitution of Amanda M. Cosgrove, administratrix, there were filed certified copies of letters of administration to Amanda M. Cosgrove, showing that she had been appointed *170 as such administratrix on the 18th day of February, 1889, to which letters there was attached the following order:
“ In the probate court in and for Atchison County, State of Kansas.
“ In the matter of the estate of Cornelius Cosgrove, deceased, Amanda M. Cosgrove, administratrix.
“Now, on this 20th day of February, A. D. 1892, comes into open court said administratrix and presents and tiles herein her duly verified final account of her administration of said estate, with vouchers, as stated herein, which account, having been examined, is by the court approved and recorded in Account Kecord, Fol..l), page 494.
“And the court finds from said account and from the evidence offered herein that said estate is fully settled, and that there is due the heirs of said deceased the sum of $25,914.00, and the court finds that Amanda M. Cosgrove and Cornelius B.. Cos-grove are the heirs of said deceased and are entitled to said estate.
“It is by the court ordered that said administratrix be and is hereby discharged from her said trust by paying the heirs of said deceased the sum of $25,914.06 and filing vouchers herein showing same to have been paid.”
After which, and before vouchers showing x>ayments had been filed, the amended petition of Amanda M. Cosgrove, administratrix of the estate of Cornelius Cosgrove, deceased, sworn to by her as such administratrix, was filed as aforesaid.
March 7, 1897, after the rendition of judgment herein the probate court of Atchison County, State of Kansas, made the following order:
“ In the matter of the estate of Cornelius Cosgrove, deceased, Amanda Cosgrove, administratrix.
“Now, on this 9th day of March, 1897, comes on for hearing the application of A. M. Cosgrove, administratrix of the above-entitled estate, to file as of February 20,1892, the receipt of Cornelius B. Cosgrove and Amanda M. Cosgrove, the only heirs at law of Cornelius Cosgrove, deceased, acknowledging the receipt in full of their share of the estate of Cornelius Cosgrove from A. M. Cosgrove, administratrix.
“And it appearing to the court by the affidavits of Cornelius B. Cosgrove and Amanda M. Cosgrove,, filed herein, that the receipts found among the papers were executed and delivered to P. W. Bean, probate judge of Atchison County, State of Kansas, on the 20th day of February, 1892, and that the said P. W. Bean, probate judge, failed and neglected to file the same, so that the same do not appear of record of this court.
*171 “ It is by the court ordered that- the receipts of Cornelius Cosgrove and Amanda M. Cosgrove, acknowledging the receipt in full of their shares of the estate of Cornelius Cosgrove, deceased, from A. M. Cosgrove, administratrix of the said estate, be filed as of February 20,1892, and have the same force and effect as if filed of that date.”
On the hearing of the interplea and the facts submitted, treating the interplea as a motion for a new trial, the court granted a new trial, and thereby set aside the judgment.
On the same facts Cornelius B. Cosgrove, one of the heirs of Cornelius Cosgrove, predicates his motion, hereinbefore set out, to dismiss the petition and counterclaim. He not being a party to the record, except as represented by the adminis-tratrix, whose authority he denies, his motion to dismiss can only go to the amended petition and not to a dismissal of the case as it stood before Amanda M'. Cosgrove, administratrix, was substituted as, claim ant, while as to the counterclaim, if she has no authority as administratrix, then of course her acts would not bind him, but this latter is a secondary consideration.
The only question, therefore, we need consider at this time is in respect of the authority of Amanda M. Cosgrove to maintain the action as administratrix. To determine this question we must examine the orders of the probate court, whereby it is claimed she was discharged as such administratrix.
By reference to the first order set out, it will be noticed that Amanda M. Cosgrove, administratrix of the estate of Cornelius Cosgrove, deceased, presented in open court “ her duly verified final account,” and that while the court found that “ said estate is fully settled,” it also found “ that there is due the heirs of said deceased the sum of $25,914.06,” upon all which the court made the order following:
“It is by the court ordered that said administratrix be, and is hereby, discharged from her said trust by paying the heirs of said deceased the sum of $25,914.06 and filing vouchers herein, showing same to have been paid.”
Her “ discharge from said trust ” was made conditional upon the payment of the sum of $25,914.06 to the heirs of the decedent, and filing- vouchers thereof as evidence of the payments having been made.
Until the payment of the sum dire, therefore, and filing the vouchers, the order would not operate to discharge her “ from her said trust.”
*172 At the time sbe swore to and filed the amended petition herein as administratrix she had not filed such vouchers, and hence, so far as the record of the probate court in Atchison County, Kans., showed, she had not then complied with the conditions of the order essential to her discharge.
By her own action, therefore, in verifying her petition as administratrix, she construed the order as not then operative to effect her discharge.
This was the condition of affairs when the claimant was substituted as administratrix of the estate of the decedent, and upon which the defendants had .a right to rely as they did. ,
The light of the claimant to maintain such action for the purpose of recovering a claim due the estate of her decedent after her discharge as aforesaid depends upon the proper construction to be given to the statute of Kansas, which reads:
“When an executor or administrator has paid or delivered over to the persons entitled thereto the money or other property in his hands, as required by the order of distribution or otherwise, he may perpetuate the evidence of such payment by presenting to the court, within one year after such order was made, an account of such payments, or the delivery over of such property, which, being proved to the satisfaction of the court and verified by the oath of the party, shall be allowed as his fiual discharge and ordered by the court to be recorded; and such discharge shall forever exonerate the party and Ins sureties from all liability under such order, unless his account shall be impeached for fraud or manifest error.” (Gen. Stats. Kans., chap. 37, see. 175, par. 2901, compilation of 1889.)
It will be noted that the discharge of an administrator under that section goes only to the exoneration of the “party and his sureties from all liability” under the order of discharge. Under that section it would seem the order of discharge could operate to exonerate the administrator and his sureties only in respect of “assets shown to have been paid or distributed,” and not to “liability thereafter,” as may be done in other States.
These differences are recognized in Woerner’s American Law of Administration as follows:
“In some instances the discharge so provided extends only to the protection against liability for assets shown to have been paid or distributed, as in Arkansas, Kansas, Massachusetts, Ohio, Oregon, and Rhode Island, while in others proof of full administration, with satisfactory vouchers showing payment *173 and delivery to those entitled of all the property of the estate and performance of all the acts lawfully required of him, entitled the executor or administrator to a full discharge from all liability thereafter, as in California, Colorado, Indiana, Iowa, Nevada, North Carolina, Pennsylvania, and Texas.” (Woerner, vol. 2, sec. 573.)
So that it may well be questioned whether under the Kansas statute an administrator may not maintain an action to recover assets due the estate of his decedent, discovered after his discharge from liability as to “assets shown to have been paid or distributed.” And this, too, upon the ground of his own protection against neglect to secure and administer such assets in the first instance.
At the time the administratrix verified and filed her petition herein she had not complied with the conditions of the order of the probate court, hence the order had not then operated to discharge her from liability, even as to assets shown by her account.
The order was “that said administratrix be, and is hereby, discharged from her said trust by paying the heirs of said deceased the sum of $25,914.00 and filing vouchers herein, showing same to have been paid.”
It is conceded that such vouchers had not been filed at the time the administratrix was substituted as claimant in this case, but Cornelius B. Cosgrove, as one of the heirs, contends that the assets or sum. shown by her final account had been paid over to the heirs of the deceased and proper vouchers given and delivered to the judge of the probate court who neglected to file same; and in support of this contention he files a certified copy of the order of the probate court, showing that by reason of the neglect and failure of the then probate judge to file the vouchers “ the same do not appear of record of this court,” whereupon the court on the 9th of March, 1897, ordered that the vouchers “ be filed as February 20,1892, and have the same force and effect as if filed of that date.”
As between the heirs of the estate and the administratrix the mme pro tuno order cures the defect, but in the meantime the defendants had filed a counterclaim and acquired a right of action against the administratrix, so that as to them the mono pro tunc order would not operate to defeat their right to have the question adjudicated in this court.
However, it now appears that she has complied with the conditions of the order essential to her discharge, thereby raising *174 a question, in respect of ber authority as. administratrix and' her consequent right to further prosecute the case.
It is plain, in the present stage of the proceedings, that the motion of Cornelius B. Cosgrove to dismiss the petition in the suit brought by the decedent and the counterclaim of the defendants can not be maintained. Whether the administratrix, Amanda M. Cosgrove, is or is not the duly authorized admin-istratrix of the estate is a question for the probate court of Kansas to determine. -If she is not such duly authorized ad-ministratrix the defendants can go into the proper probate court and have an administrator appointed.
The order of the court, therefore, is that the motion of Cornelius B. Cosgrove be -overruled and that all further proceedings in the suit be stayed until a duly qualified administrator of the estate be appointed.
If the proper probate court appoints a new administrator the suit will be continued in his name, and if it decides that the present claimant, Amanda M. Cosgrove, is still adminis-. tratrix, notwithstanding her discharge from liability, as here-inbefore set forth, the stay of proceedings will be vacated and the suit will proceed in her name.