The Union National Bank of Troy, Respondent, *v.* The Sixth National Bank of New York, Appellant.

In an action for money, paid under mutual mistake of facts, it is no defence that the mistake arose from a want of care on the part of the plaintiff.

Where the plaintiff, a bank at Troy, being the correspondent of the defendant, a bank in New York, received from it a note for collection from a maker residing some thirty miles from Troy, and sent the note to its corresponding bank at the residence of the maker, and the note, not having been paid at maturity, such corresponding bank caused it to be protested, and notices of protest to be duly sent to the indorsers in New York, and also mailed both to the plaintiff and the defendant; but the plaintiff, by *some miscarriage, failing to receive such notice,* and supposing, therefore, that the note had been paid to its correspondent, remitted a sum equal to its amount to the defendant as collected,—*Held,* that the plaintiff may recover of the defendant the sum so remitted as money paid under a mistake of fact.

*Held,* further, that the mere fact that the defendant, on receiving notice of protest, had received from an indorser of the note its amount, and on receiving the money from the plaintiff, and, in consequence thereof, supposing the note had been paid by the maker, refunded the amount to such indorser, raised no defence to the action, *in the absence of any proof that the indorser was not still liable and responsible to the defendant.*

Though the plaintiff is to be considered the agent of the defendant for the collection of the note, the mistake did not arise from any negligent performance of its duty as such agent, and in such case, the relation of principal and agent between the parties does not change the rule.

(Cause argued December 22d, 1870; decided January 24th, 1871.)

Appeal by the defendant from a judgment of the late General Term of the Supreme Court in the third district, affirming a judgment for the plaintiff upon the report of Justice Ingalls, as referee.

The action was by the plaintiff, a bank doing business in the city of Troy, to recover a sum of money alleged to have been paid by it, under a mistake of fact, to the defendant, a bank in the city of New York.

The facts, as they appear by the referee's finding and the evidence, are these:

The defendants having discounted for one Cregan a note of one Bassett, to Ashley, for $1,000, which was dated September 26th, 1865, at four months, payable at the Columbia Bank, Chatham Four Corners, indorsed by the payee, and by Davidson and Cregan, sent it, before it was due, to the plaintiffs for collection. The plaintiffs sent it to the Columbia Bank at Chatham, about thirty miles from Troy. It was not paid on the 29th of January, 1866, when it became due, but protested, and notice of its protest was mailed by the Columbia Bank to all parties on it. The defendants, upon the receipt of the notice, applied to Cregan, and he paid them the note and took it up on the 5th of February, 1866. He did not receive the note, as it was not returned by the plaintiffs. On the same 5th day of February, the plaintiffs not having received the notice of protest from the Columbia Bank; and, believing that the note was paid, remitted the amount to the defendants. The defendants received the remittance of the amount of the note on the 6th of February, and supposing that the note had been paid after its protest, at once refunded the amount received by them to Cregan, the indorser. The maker and payee both resided at Chatham. The indorsers Davidson & Cregan resided in New York. On the 9th of February, the plaintiffs, for the first time, wrote to the Columbia Bank, inquiring about the note. On the 10th the Columbia Bank returned to the plaintiffs the note protested, and plaintiffs then sent the same to the defendants, who received it on the 12th. The plaintiffs then claimed from defendants the money sent for the note. They declined because they had paid it over to Cregan, who refused to return it, and because they were not liable. The plaintiffs then, under an arrangement with the defendants, undertook to collect the note from the maker but did not carry the same into effect. Cregan has died insolvent. He alleged that he had parted with security on receiving the money from the defendants, and refused to pay back to them what they paid him. There was no proof, however, of this.

*Samuel Hand* and *James Emott* for the appellants, insisted that the plaintiff was guilty of laches and negligence, and had peculiar means of knowledge, and that the defendants were chargeable with no want of care, and under these circumstances the action would not lie.

The plaintiff, being the agent of the defendant for the collection of the note, having notified the defendant as such agent that they had collected it, and the defendant thereupon having paid the money back to the indorser Cregan, the plaintiff is estopped from denying the fact of such collection of the money.    They cited 3 Hill, 221 ; 39 Barb., 383 ; 25 N. Y., 302 ; 30 N. Y., 226 ; 7 Cow., 459.

*Charles F. Tabor*, for the respondent, relied upon *Kingston Bank* v. *Eltinge Prest.*, etc., (1 Hand, 391) ; *Wait* v. *Leggett*, 8 Cow., 195 ; *Townsend* v. *Crowdy* (8 J. Scott, N. S., 447).    He also cited *Mowatt* v. *Wright* (1 Wend., 360) ; *Canal Bank* v. *Bank of Albany* (1 Hill, 287) ; *Leger* v. *Bonaffe* (2 Barb., 475) ; *North* v. *Bloss* (30 N. Y., 381) ; *Botsford* v. *McLean* (45 Barb., 481) ; Story's Eq. Jur., § 140.

Folger, J.    The rule established by the class of cases, of which *The Kingston Bank* v. *Eltinge* (40 N. Y., 391) is one, is not questioned by the counsel for appellants.    But he insists that there is a distinction between them and the case in hand.    Admitting that there was a mutual mistake in supposing that the note was paid, when it was not paid, he claims that the respondents were negligent in not making inquiry and using the means at their hand for arriving at correct information of the facts.    But as a sufficient answer to this, it is held that it is no bar to an action, that the party paying had the means of knowing, and might have availed himself of those means by care and attention, and thus have arrived at exact knowledge.    (*Waite* v. *Leggett*, 7 Cow., 195.)

" Care and diligence are not controlling elements in the case.    It is a question of fact merely.    The inquiry is, are the parties mutually in error, and did they act upon such mutual

mistake? Was there or not an error between the parties? And the determination of the fact controls the result." (*Kingston Bank* v. *Eltinge, supra.*)

If the money "is paid under the impression of the truth of a fact which is untrue, it may, generally speaking, be recovered back, however careless the party paying may have been in omitting to use due diligence to inquire into the fact." (*Kelly* v. *Solari*, 9 M. & W., 54; *Marriott* v. *Hampton*, 2 Smith Leading Cases, 403, notes.) If it were conceded that the plaintiffs were subject to the imputation of negligence, that alone would not bar their action.

The appellant's counsel urges, however, that the plaintiffs were the agents of the defendants; that it was their duty to collect the note and remit the proceeds, or to return promptly the protested paper. They did not fail in the first branch of this duty, for the note was not paid; nor did they fail in making protest, etc., of the note. For that was done, by which all prior indorsers to the defendants were charged. Notice of non-payment was also given to the defendants. It would not be claimed, if the transaction had stopped here, that the defendants would have any cause of complaint against the plaintiffs. It must be remembered that the notice of non-payment meant for the plaintiffs was lost from or miscarried in the mail. They were authorized to act upon the natural inference from the usual course of business, that, no notice having been received of non-payment of the note, payment had been made.

There was thus far no failure of duty to the defendants. And the case stands the same, as if the relations of the plaintiffs and defendants were not those of agent and principal. And the omission on the part of the plaintiffs to make inquiry, and obtain correct knowledge, is no more prevalent against them, than it would be, if they had not been the agent of the defendants.

The appellant's counsel makes the point also, that the defendants, relying upon the act of the plaintiffs, and paying over the money to Cregan, from whom they cannot recover

it, have been irreparably injured, and that the plaintiffs are estopped from denying their assertion to the defendants that the note had been paid. The facts bearing upon this must be considered as they existed on the day on which the plaintiffs first sought from the defendants repayment of the money. This was about the 11th of February, 1866; and for sometime subsequent thereto, Cregan was a dealer with the defendants, and had on deposit with them an average amount large enough to have met this payment, and the amount of the note could have been charged against this deposit. It is said that Cregan refused to repay the money, alleging that believing the note had been paid he had parted with collateral security. But this is not proven. And the findings of the referee put the refusal of the defendants to repay, on the ground that Cregan could not be required to pay the note. There is no fact found or proven which shows this, or establishes that the maker and indorsers of the note were not on that day just as liable to the defendants as they were at the maturity of the note. (*Troy City Bank* v. *Grant*, Lalor Supp., 119; *Wilkinson* v. *Johnson*, 3 Barn. & Cress., 428.) The defendants having at the time of the plaintiffs demand upon them for repayment, all the means of securing themselves from loss, which they had on the day on which the note matured, and thus being in the same situation in which they were before the payment by the plaintiffs, cannot claim that they were immediately injured by the act of the plaintiffs. When injury does not necessarily result, it is wholly immaterial as respects the plaintiff's right to recover. And it is for the defendants to show that injury has resulted. (*Guild* v. *Baldridge*, 2 Swan, Tenn., 295–304.) And see *Rheel* v. *Hicks*, 25 N. Y., 289.)

The judgment of the General Term should be affirmed with costs to the respondent.

Church, Ch. J., and Allen and Grover, JJ., concur. Allen, J., expressly on the ground, that the defendants did not necessarily sustain loss by the mistake. They were notified in time to reclaim the money of Cregan, and there

is no evidence to show that the situation of Cregan or the defendants has been changed in the meantime, or that either had parted with any security.

ANDREWS, J., absent.  PECKHAM, J., having been a member of the court below, did not sit.