BERNHARD MAYER, Respondent, v. THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW YORK,
Appellant.

Money paid under a mistake of a material fact may be recovered back,
although there was negligence on the part of the person making the
payment, unless the position of the party receiving it has been changed
in consequence thereof, and it would be inequitable to allow a recovery.

If circumstances exist taking the case out of the general rule allowing a
recovery, the burden of proving them rests upon the party resisting the
repayment.

Plaintiff, owning a lot in the city of New York, and intending to pay an
assessment thereon for a local improvement, by mistake paid an assess-
ment upon the lot of another. In an action to recover back the money
so paid, *held*, that the city received the money collected in its own right,
not as agent or depositary either for the land owners or the owners of
the bonds issued to raise the money in the first instance to pay the
expense of the improvement; and that in the absence of evidence show-
ing that the city could not be restored upon repayment to its original
position, plaintiff was entitled to recover.

(Argued December 9, 1875; decided December 21, 1875.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, affirming a judgment
in favor of plaintiff, entered upon a verdict.

This action was brought to recover back money alleged to
have been paid to defendant by mistake.

Plaintiff was the owner of lot No. 28, in block 98, front-
ing on Fifty-first street, in the city of New York. Said lot
was assessed for the expense of paving said street. An
assessment was also made at the same time upon the adjoin-
ing lot, No. 27, which was owned by another person. Plaintiff
received a notice issued from the bureau of collection of assess-
ments, directed to the owner of lot twenty-seven, stating the
making of the assessment thereon, the amount of the same,
and that payment of the assessment would be expected by a
time specified. Before the time specified plaintiff went to

the office of the collector of assessments, presented the notice, paid the assessment therein specified, and took a receipt. On discovering the mistake he presented a claim for repayment of the money to the comptroller, which was not allowed. Defendant's counsel on the trial moved to dismiss the complaint upon the ground that plaintiff could not recover back the money, having paid it voluntarily, and there being no mutual mistake. The motion was denied, and defendant's counsel duly excepted.

*D. J. Dean* for the appellant. Money paid in ignorance of the facts is recoverable if there have been no laches by the party paying it. (*Marriott* v. *Hampton*, 2 S. L. C., 402 [m. p.].) Laches, in the sense of a mere omission to take advantage of the means of knowledge within reach of the party paying the money, is not sufficient to disentitle him to recover it back. (*Kelly* v. *Solari*, 9 M. & W., 54; *Townsend* v. *Crowdy*, 8 C. B. [N. S.], 477.) The person who received the money must not be placed in a worse position than if it had not been paid. (*Cox* v. *Masterson*, 9 B. & C., 902; *Clark* v. *Dickson*, E., B. & E., 148; *Rathbone* v. *Stocking*, 2 Barb., 135, 145; *Mayer* v. *Shoemaker*, 5 id., 319, 322; *Barber* v. *Carey*, 11 id., 549, 551, 552; *Union Bk.* v. *Sixth Nat. Bk.*, 43 N. Y., 456.) The defendant in such a case may claim every equitable allowance. (*Eddy* v. *Smith*, 13 Wend., 488, 490; *Wright* v. *Butler*, 6 id., 284, 290; *Buel* v. *Boughton*, 2 Den., 91.) As between two innocent persons, the one must lose who commits the error. (*Hern* v. *Nichols*, 1 Salk., 289; *Mech. Bk.* v. *B. and D. Bk.*, 16 N. Y., 133.)

*E. O. Andrews* for the respondent. The money having been paid by mistake plaintiff is entitled to recover it back. (Add. on Con. [ed. 1847], 230; Story's Eq. Jur., § 140; Wil. Eq. Jur., 64; 10 Barb., 436; 27 id., 196; 7 N. Y., 210; 4 Paige, 384; *Louisville* v. *Heming*, 1 Bush. [Ky.], 381; *Noble* v. *Bullis*, 23 Iowa, 559; *Allen* v. *Mayor, etc.*, 4 E. D. S., 404; *Mayer* v. *Mayor, etc.*, 2 Hun, 306.) It is no defence

that defendant cannot be put in its former position. (*Kingston Bk.* v. *Eltinge*, 40 N. Y., 396; *Union Bk.* v. *Sixth Nat. Bk.* 43 id., 452.) Care and diligence are not controlling elements. It is a question of fact merely. (*Wait* v. *Leggett*, 8 Cow., 195; *Nat. Bk. of Com.* v. *N. Y. M. B. Assn.*, 55 N. Y., 213, 216.) It was not necessary that the mistake should be on both sides. (*Allen* v. *Mayor, etc.*, 4 E. D. S., 404; *Botsford* v. *McLean*, 45 Barb., 478; *Noble* v. *Bullis*, 23 Iowa, 559; *Louisville* v. *Heming*, 1 Bush. [Ky.], 381.) The doctrine of voluntary payment is not applicable here. (*Allen* v. *Mayor, etc.*, 4 E. D. S., 404; *N. Y. and H. R. R. Co.* v. *Marsh*, 12 N. Y., 308; *Bk. of Com.* v. *Mayor, etc.*, 43 id., 184; *Kingston Bk.* v. *Eltinge*, 40 id., 396.)

ANDREWS, J. The general rule that money paid under a mistake of a material fact may be recovered back, although there was negligence on the part of the person making the payment, is subject to the qualification that the payment cannot be recalled when the position of the party receiving it has been changed in consequence of the payment, and it would be inequitable to allow a recovery. The person making the payment must, in that case, bear the loss occasioned by his own negligence. If circumstances exist which take the case out of the general rule, the burden of proving them rests upon the party resisting the repayment.

The rule, with its limitation, has come under discussion in several recent cases in this court, and it is unnecessary to restate the grounds upon which it rests. (*The Union National Bank* v. *The Sixth National Bank*, 43 N. Y., 452; *Duncan* v. *Berlin*, 46 id., 685; *Lawrence* v. *The American National Bank*, 54 id., 432; *The National Bank of Commerce* v. *The National Mechanics' Banking Association*, 55 id., 211.)

The plaintiff, who was the owner of lot twenty-eight, in block ninety-eight, on Fifty-first street, in the city of New York, was assessed, on the 9th day of January, 1871, for the expense of paving the street, and the assessment was

confirmed and became a lien on the premises. He afterwards received a notice, issued from the bureau of collection of assessments, directed to the owner of the adjoining lot (twenty-seven), stating that an assessment had been made thereon for the improvement, and the amount of the same, and notifying the person to whom it was addressed that payment of the assessment would be expected to be made by a time stated. The plaintiff, supposing that the notice related to an assessment on his lot, afterwards, and before the time named for the payment, went to the office of the collector of assessments and presented the notice and paid the assessment therein mentioned to the proper officer and took his receipt. On subsequently ascertaining the mistake he presented a claim for repayment to the comptroller, and the same not being allowed, brought this action to recover the sum so paid by him.

The circumstances bring the case within the general rule, which authorizes a recovery for money paid by mistake. The plaintiff was not liable to pay the assessment on lot twenty-seven, and he paid it in ignorance of fact, supposing that the notice related to the assessment on lot twenty-eight, and intending to pay the assessment on his own premises. It does not appear that the assessment on lot twenty-seven was, in fact, canceled of record, or that the evidence that the lien was discharged, authorized to be given by section 16, chapter 579 of the Laws of 1853, was required or was furnished. If an entry was made of its payment, no reason is shown why, upon discovering the mistake, it might not have been corrected, and the collection enforced against the person liable to pay the assessment, or upon his default, by a sale of the land in respect to which the assessment was made. It does not appear that there has been any change of title to lot twenty-seven, and the rights of subsequent purchasers are not in question. The plaintiff did not intend to discharge the liability of the owner of that lot when he paid the assessment, and although the money was received by the city in discharge of the assessment on lot twenty-seven, it could, on

being apprised of the mistake, have returned the money to the plaintiff, and been restored to its original position. (*The Mayor* v. *Colgate*, 12 N. Y., 140.)

The city received the money upon a lawful demand, but from a person who was not legally liable to pay it, and we do not find that the circumstance that money paid by mistake is received upon a valid claim in favor of the recipient against a third person prevents a recovery back, provided the claim against the party who ought to pay it is not thereby extinguished or its collection prevented. (43 N. Y., 452; 14 id., 432.)

The claim is made, on behalf of the city, that the money collected on local assessments is not collected for the benefit of the city, or received into the treasury for its use; and that the city in making local improvements acts for the benefit and in behalf of the owners of the land on which the assessment is made. The paving of streets, the construction of sewers, and works of like character within the city, are spoken of as local improvements, but they are instituted by the corporation, and are public improvements as strictly as any other improvements undertaken by the corporation. The statute, in view of the special benefits which are supposed to result from them to the owners of lands near which they are made, imposes the expenses incurred in making them in whole, or in part, upon the property within the district specially benefited. But the work is a public work. The city contracts for the performance, and, by chapter 397, Laws of 1852, and subsequent statutes, is authorized to borrow the money upon its bonds to pay in the first instance the expenses incurred in prosecuting it. The city treasury is entitled to ultimate reimbursement from the owners of lands which may be locally assessed, and, upon their default to collect the expenses, by a sale of the land; but it receives the money collected through local assessments in its own right, and not as agent or depository, either of the land owners or the holders of the bonds.

We are of opinion that no obstacle to the plaintiff's recov-

ery exists, and that the defendant cannot justly claim to retain the money received under the circumstances disclosed.

The judgment of the General Term should be affirmed, with costs.

All concur.

Judgment affirmed.