SARAH A. PINCHBECK, RESPONDENT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANT.

*Payment of assessment by mistake — when the amount paid may be recovered — right to recover it does not pass by a conveyance of the land.*

In 1869, W. F. Pinchbeck received a notice that an assessment had been made upon a lot owned by him, designated as ward No. 57 B, of block 536, which assessment he accordingly paid, and the amount received was applied to the payment of the assessment against the said lot. In fact he did not own that lot but did own a lot designated as ward No. 57 *A*, of block 536, the original lot No. 57 having been divided by the city without his knowledge. In June, 1873, he conveyed the lot to his son, who, on the same day, conveyed it to the plaintiff. The plaintiff, upon learning that her lot had been sold for non-payment of the assessment, redeemed the same, being then acquainted with all the facts, and brought this action to recover the amount expended in so doing.

*Held,* that the payment made by W. F. Pinchbeck was made through mistake and that he was entitled to recover the same from the city.

That his right so to do had not been transferred to the plaintiff by the conveyance of the lot to her.

That plaintiff was not entitled to maintain this action to recover the sum paid by her to redeem the premises from the sale, which was regular, the assessment not having been paid on lot *A*.

APPEAL from judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the court.

*D. J. Dean*, for the appellant.

*Jas. G. White*, for the respondent.

DANIELS, J.:

The verdict was directed for the sum of eighty-four dollars and eighty-one cents, on which the judgment was entered from which the appeal has been taken. It was for the amount paid and interest thereon, to redeem a lot of land owned by the plaintiff, from a sale made for the non-payment of an assessment upon it for the expenses of paving Fifty-second street. It appeared that the property was owned by William F. Pinchbeck, in 1869. He received a notice from the clerk of arrears that an assessment had been made upon his property which, in figures placed above the notice, was designated as ward No. 57 B, of block 536, which he was required to pay. And on the ninth of November of that year he paid the assessment, then amounting to the sum of forty-one dollars and fifty cents, and it was applied in payment of the assessment against that lot. In point of fact he was not the owner of the lot designated as fifty-seven B, but owned an adjoining lot known as fifty-seven A. But as he was not informed of the designation which had been so made of the lots by the city authorities, because of a division of the lot originally known as fifty-seven, he supposed the notice related, as it was stated it did, to his own lot, and paid the assessment in the belief warranted by the circumstances that such was the fact. But as he did not own the lot designated as fifty-seven B, the payment did not extinguish the assessment made upon his own lot, but was applied by the officer receiving it to the satisfaction of that upon the other lot referred to by the figures and letter accompanying the notice. It was a case of clear mistake, and upon the discovery of the facts, authorized a recovery of the money from the defendant by the person paying it. (*Dietrich* v. *Mayor, etc.*, 12 N. Y. Sup. Ct. Repts., 421; *Mayer* v. *Mayor, etc.*, 63 N. Y., 455.)

After that payment was made, William F. Pinchbeck, the person making it, conveyed the lot owned by him to his son, who on the same day, the 28th of June, 1873, conveyed it to the plaintiff. And after that, upon the discovery that it had been sold for the non-payment of the assessment which William F. Pinchbeck intended to,

but did not pay, and supposed he had paid, she redeemed it from the sale by making payment of the sum, which, with interest, was included in the verdict. In making the payment required for the redemption, there was no mistake whatsoever on her part, or that of any other person. The facts relating to it were then all well and fully known, and the sale was regular because the assessment made upon the lot had not, in truth, been paid. There, was consequently, no legal ground on which a recovery could be had by her in the case. She paid only what her property was legally liable to pay, and there is nothing in the case from which it can be held that she succeeded to the right of her husband to recover the amount he had by mistake paid to extinguish the assessment upon the other lot. It was not an incident in any form to the land conveyed and described in the deeds. And for that reason was not transferred by them, as it would have been, if it had been incidental to the title she received. (*Jackson* v. *Bowen*, 7 Cowen, 13; *Robinson* v. *Ryan*, 25 N. Y., 320.) There seems to be no legal manner in which the recovery can be sustained. The judgment must therefore be reversed and a new trial ordered, with costs to abide the event. And as that disposes of the entire case, the appeal from the order should be dismissed without costs.

DAVIS, P. J., and BRADY, J., concurred.

Ordered accordingly.