THE CENTRAL NATIONAL BANK OF THE CITY OF NEW YORK, RESPONDENT, *v.* THE NORTH RIVER BANK, IN THE CITY OF NEW YORK, APPELLANT.

*Payment of a check indorsed by a clerk without authority — the bank collecting it guarantees the genuineness of the indorsement.*

The defendant in this action presented for payment to the plaintiff certain checks, payable to the order of the National Suspender Company, which a depositor of the plaintiff had drawn upon the plaintiff to the order of said Suspender Company; the checks which purported to be indorsed in blank by the duly authorized agent of the Suspender Company, were paid. Upon learning that the indorsements were made without authority, and that the checks had been appropriated by a clerk of the Suspender Company, the plaintiff paid the amount of the said checks to the Suspender Company, and brought this action to recover the amount so paid from the defendant.

*Held*, that it was entitled to do so, as the defendant, in presenting the checks for payment, guaranteed the indorsement, and had no right to retain the money obtained by the false pretense that it was entitled to receive it.

APPEAL from a judgment in favor of the plaintiff entered u on a verdict directed by the court.

*E. L. Bushe*, for the appellant.

*F. C. Reed*, for the respondent.

VAN BRUNT, P. J. :

The defendant in this action presented for payment, ro the plaintiff, certain checks payable to the order of the National Suspender Company, which certain depositors of the plaintiff had drawn upon the plaintiff to the order of said Suspender Company, which checks purported to be indorsed in blank by the duly authorized agent of the Suspender Company, and such checks were paid by the plaintiff to the defendant. The indorsements upon these checks were made without authority and the checks were appropriated by a clerk of the Suspender Company.

Upon learning these facts the plaintiff paid the amount of said checks to the Suspender Company and brought this action to recover the amount paid to the defendant upon these stolen unindorsed checks. The defendant, by presenting these checks for payment, asserted its ownership of the same, or its right to collect, and the plaintiff in making the payment had the right to rely upon this assertion of right or title. It subsequently appearing that these checks had been stolen from the payee thereof, the true owner, and that they were never indorsed by it; it seems too clear for argument that the plaintiff had a right to recover back the money which it had been induced to pay by the false assertion of ownership or right to collect made by the defendant. The defendant, in presenting this check for payment, guaranteed the indorsement, and it is immaterial whether the plaintiff had actually paid the money again to the payee of the check or not; the liability to pay existed and the defendant has no right to retain money obtained by the false pretense that it was entitled to receive the money. It is sought to defeat the plaintiff's

claim because of some alleged laches of somebody; that the position of the defendant with reference to the depositor from whom the defendant received these checks has been changed, and that, therefore, it would have been inequitable to allow recovery, and our attention is called to the case of *Mayer v. The Mayor, etc.* (63 N. Y., 455). This case, however, is no authority in the case at bar.

In the case cited, the rule is being laid down in a case where the person making the payment, who seeks to recover it back, is negligent; not the case where, if there is any negligence, it is the party receiving the payment and who refuses to pay it back. The parties were bound to proceed diligently after discovering the fraud, but no laches can be imputed prior to its discovery.

The claim that the clerk of the National Suspender Company had any right to indorse these checks is entirely unsupported by the evidence, unless every merchant, by the employment of a book-keeper, thereby gives him authority to indorse commercial paper in his name. With the condition of the account between Morse and the Suspender Company, neither the plaintiff or defendant had anything to do. Morse had stolen these checks, and the owner had the right to recover them back and collect them, even if it did owe him some money. The defendant had received from the plaintiff the amount of these stolen checks, representing that the payee had indorsed them, and it had the legal title to the same; and the plaintiff is entitled to recover its money back upon proof that they were stolen property and that the payee had never indorsed the same; and this claim cannot be complicated by an attempt to show that the thief had a counter-claim which he himself could not set up.

But the evidence conclusively shows that the Suspender Company owed Morse nothing. The proof by Mr. Bernheimer, supported by his books, proves conclusively that cash was advanced when the check was received. It may be that if there had been only the verbal testimony of Mr. Bernheimer, the defendant might have had the right to have the question submitted to the jury; but supported, as it was, by entries made at the time of the transaction in his check-book, there was no question for the jury. It is, besides,

doubtful if any sufficient request was made to go to the jury upon this point.

The judgment should be affirmed, with costs.

Bartlett and Macomber, JJ., concurred.

Judgment affirmed, with costs.