(39 Misc. Rep. 100.)

GERMAN SAV. BANK OF CITY OF NEW YORK v. BRODSKY et al.

(Supreme Court, Special Term, New York County.  October, 1902.)

1. ASSUMPTION OF MORTGAGE—CONSIDERATION—FORBEARANCE TO SUE.
     Where a mortgagor became suddenly bankrupt, and a bank holding
     the mortgage informed the then owner of the fee that it would take
     action unless it obtained additional security for the loan, and the owner
     of the property thereupon executed his collateral bond, and the bank
     for three years forebore to foreclose, a valuable consideration moved to
     the owner of the fee, and the bank is entitled to a decree in fore-
     closure against such owner for any deficiency.

2. SAME.
     Where there is forbearance to sue on an overdue claim for a reasonable
     time, it is a sufficient consideration for the promise of a third party to
     pay the debt.

Action by the German Savings Bank of the City of New York against John J. Brodsky and others to foreclose a mortgage.  Decree rendered.

A. Henry Mosle, for plaintiff.
G. A. Seixas, for defendants.

SCOTT, J.  This is an action to foreclose a mortgage given by Philip and John Goerlitz and their respective wives to the plaintiff. The only question to be determined is whether or not the plaintiff is entitled to a deficiency judgment against the defendant Brodsky. It appears that at some time between the making of the mortgage and May 13, 1899, the defendant Brodsky became the owner of the mortgaged property.  On April 15, 1899, the plaintiff, by its secretary, wrote to Brodsky as follows: "In accordance with the rules of this institution under which loans on bond and mortgage are continued, you are required to give your collateral bond for the mortgage covering premises 72 Chrystie street. * * * Mr. Philip Goerlitz going through bankruptcy proceedings, this request is made by advice of counsel."  It does not appear what the rules of the bank were respecting the continuation of loans on bond and mortgage, nor is it shown that any such rules were ever brought to Brodsky's notice otherwise than by the reference thereto in this letter.  On May 9th the secretary of plaintiff wrote again to Brodsky, referring to the previous letter of April 15th, and remarking upon Brodsky's failure to comply with its demands, and then writing as follows: "We beg to give notice that, unless your bond will be in our possession on or before the expiration of the present week, and voucher for the payment of taxes on the premises for the year 1898 submitted, the matter will be referred to our board for such action as may be deemed expedient."  A few days later Brodsky executed and delivered to the bank the collateral bond upon which it is now sought to hold him personally liable for the debt.  This bond is under seal, but no consideration is expressed.  It recites that the maker is the present owner of the premises covered by the mortgage, and that

¶ 2. See Contracts, vol. 11, Cent. Dig. § 337.

upon the application of the plaintiff he has agreed to execute his bond as further and collateral security, and he undertakes to pay the amount due upon the mortgage upon demand. The defense to the prayer for a personal judgment against himself is that the bond was without consideration. Forbearance to sue upon an overdue claim is sufficient consideration to support a collateral obligation by one other than the original debtor to pay the debt, and this even if no definite time is set for the forbearance, if, in fact, the creditor does forbear for a reasonable time. Elting v. Vanderlyn, 4 Johns. 237; Insurance Co. v. Smith, 23 Hun, 535. In the case at bar there is no direct evidence that the bank promised to continue the loan, but it is quite evident that it was hesitating between such a continuation and immediate foreclosure. The first letter written by plaintiff's secretary indicates this very clearly. Reference was made in it to the "rules of this institution under which loans on bond and mortgage are continued," and the reason given for requiring a collateral bond is that one of the original mortgagors and bondsmen is going through bankruptcy. In the second letter there is a distinct threat that some action will be initiated by the officers of the bank if the collateral bond be not given. After these very plain intimations that the loan could be permitted to remain undisturbed only if a collateral bond was executed, the bond was signed, and the plaintiff did in fact forbear to foreclose the mortgage for some three years. Under these circumstances it seems impossible to doubt that the consideration which Brodsky sought and obtained for the execution of the bond was the bank's forbearance to sue, a consideration which may be readily believed to have been of consequence to him as the owner of the property affected by the mortgage. It would be highly inequitable if, after enjoying the consideration, he could avoid his obligation. My conclusion is that the decree should contain a provision for a personal judgment against the defendant Brodsky for any deficiency that may arise upon the sale. The usual decision and decree may be presented for signature.

Judgment accordingly.