### ASSOCIAZIONE FRATERNA ITALIANA v. GOBBI.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. MUTUAL BENEFIT ASSOCIATION—TREASURER—MISAPPROPRIATION OF FUNDS—DIRECTION OF VERDICT.

    Plaintiff, a mutual benefit association, of which defendant was treasurer, rented a hall for its annual ball, agreeing to pay $500 therefor, and sublet to defendant for $400 the privilege of supplying wines and liquors. Defendant, as treasurer, paid the rent, and afterwards, in an action by plaintiff to recover moneys alleged to have been misappropriated by him, claimed that it was paid in toto out of plaintiff's funds, and that the amount paid did not include the $400 he agreed to pay. He admitted that he was personally indebted to plaintiff for the $400, but not as an officer. One of the plaintiff's witnesses testified that the rent paid was made up of the $400, which defendant had agreed to pay, and of $100 of plaintiff's money. This was uncontradicted, and was in some respects corroborated. *Held*, that a verdict for plaintiff was properly directed.

    Van Brunt, P. J., and Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by the Associazione Fraterna Italiana against Giovanni Battista Gobbi. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

John Palmieri, for appellant.
Henry M. Heymann, for respondent.

McLAUGHLIN, J.   The plaintiff is a mutual benefit association, of which the defendant, between the 27th day of December, 1896, and the 26th day of August, 1897, was the treasurer, and this action was brought to recover moneys alleged to have been misappropriated by him while acting in that capacity.   The answer put in issue the material allegations of the complaint.   At the conclusion of the trial the court directed a verdict for the plaintiff for the amount claimed, and defendant has appealed from the judgment entered thereon and an order denying a motion for a new trial.

I am of the opinion that a verdict was properly directed.   The fact that the defendant acted as treasurer of and was indebted to the plaintiff in the amount for which the verdict was directed was not disputed.   It is true the defendant sought to escape liability in this action by claiming that he was indebted to the plaintiff personally, instead of as treasurer; in other words, that he owed the plaintiff, but had not used any of its money.   What he claimed in this respect was that when the plaintiff held its annual ball in 1897 it rented for that purpose a hall, for which it agreed to pay $500; that it sublet to him for $400 the right or privilege of supplying wines and liquors on that occasion; that he, as treasurer, used the plaintiff's money to pay the rent, but he did not pay what he had agreed to for the privilege.   The rent had to be paid on the evening of the ball, and before the plaintiff took possession of the hall, and the defendant had to pay for the privilege before he took possession.   The $500 rent was paid, and I do not find anything in the record which contradicts plaintiff's witness De Rosa to the effect that this amount was made up of the $400 which defendant had agreed to pay and $100 of the plaintiff's money.   The testimony of this witness is not only uncontradicted, but is corroborated in some respects by several other witnesses, as well as by the defendant himself.   He testified that on the evening in question he was the treasurer of the plaintiff, and as such paid $500 for the rent of the hall, in which was included the $400 for his privilege.   The ball was not a success, if judged by the defendant's profits, because, instead of there being profits, there was a loss of several hundred dollars, which it is clear he attempted to make good in part by claiming that he did not pay for the privilege. There is no basis for the claim.   It is a mere subterfuge to escape liability in this action.   This being the situation at the close of the trial, the court could not do otherwise than direct a verdict.

The judgment and order appealed from, therefore, must be affirmed, with costs.

PATTERSON and HATCH, JJ., concur.

VAN BRUNT, P. J., and LAUGHLIN, J.   We dissent.   We think there was a question for the jury.