BANK OF NEW YORK, N. B. A., Respondent, *v.* THOMAS
W. SIMMONS & COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, October
Term — Filed November, 1921.)

Banks and banking — money had and received — mistake — bills
of exchange — burden of proof.

*Prima facie,* money paid by mistake to one entitled thereto
may be recovered back even though the mistake was due to
the negligence of the one making the payment.

If, however, in such case, the defendant by reason of the
mistake has changed its position to its detriment so that the
parties cannot be placed in *statu quo,* there can be no recovery,
and the burden of proof of showing that its position has been
so changed rests upon the defendant.

The plaintiff, having received from defendant certain drafts
for collection in Rio de Janeiro with instructions to pay there-
from a certain amount to a certain person in that city, the
Rio bank as correspondent of plaintiff transmitted to it the
full amount of the drafts and sent a charge slip to represent
the money paid to the designated person in Rio de Janeiro.
Through an error in plaintiff's bookkeeping department the
charge slip was either overlooked or not connected with the
transaction, with result that plaintiff transmitted the full amount
of the drafts without making any reference to the payment to
the person in Rio de Janeiro, who sometime thereafter called
upon defendant in the city of New York, and upon being
asked whether he had been paid said money replied that he
had not, whereupon defendant paid it to him. Later plaintiff
discovered its mistake and demanded repayment from defendant.
When upon the trial of an action for money had and received
defendant offered to prove that the person in Rio de Janeiro
had gone away and that it could not collect from him, the
court at the instance of plaintiff's counsel excluded that " entire
line " of questioning to which the defendant duly excepted.
*Held,* that the exclusion of the testimony was error for which
a judgment entered in favor of plaintiff on the verdict will
be reversed and a new trial ordered.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of plaintiff, after a trial by a judge and jury.

Alley, Lee & Voorhees (Caruthers Ewing, of counsel), for appellant.

Satterlee, Canfield & Stone (R. Randolph Hicks, Arthur B. Smith and James Adikes, of counsel), for respondent.

BIJUR, J. This is an action for money had and received. The facts are in substance as follows:

Plaintiff had received from defendants certain drafts for collection in Rio de Janeiro with instruction upon collection to pay approximately $780 to Aguas & Co. in that city. Plaintiff commissioned its Rio de Janeiro correspondent to perform the services. The Rio bank transmitted to plaintiff the full amount of the drafts and sent a charge slip to represent the money paid to Aguas. Through an error in the plaintiff's bookkeeping department the charge slip concerning the payment to Aguas was overlooked or not connected with the transaction with the result that plaintiff transmitted the full amount of the drafts to defendant without making any reference to the payment of $780 to Aguas & Co. Sometime thereafter Aguas called upon defendant in New York and upon being asked whether he had been paid the $780 said that he had not; whereupon defendant paid him that sum. Later the plaintiff discovered its mistake and demanded from defendant the repayment of the $780.

The recovery in cases of this kind is based upon the familiar doctrine of unjust enrichment of the defendant. *Prima facie* there is no doubt that money paid by mistake to one entitled thereto may be recovered

back by the payor even though the mistake was due to the negligence of the payor.

If, however, in a case of that kind the defendant has by reason of the mistake changed its position to its detriment so that the parties cannot be placed in *statu quo* a recovery will not be allowed, on patent equitable considerations. The doctrine and the exception have been repeatedly reasserted, and the error of plaintiff arises from failure to recognize the difference between cases where both parties are at fault and this, in which the mistake is due exclusively to the negligence of the plaintiff. See Keener Quasi-Contracts, 71 *et seq.* The burden of showing that his position has been changed to his detriment lies upon the defendant. *Mayer* v. *Mayor,* 63 N. Y. 455; *Walker* v. *Conant,* 65 Mich. 194. If these principles and the concomitant distinctions be borne in mind, the leading New York cases will be found to be consistent. *Kingston Bank* v. *Eltinge,* 40 N. Y. 391; *Union National Bank of Troy* v. *Sixth National Bank,* 43 id. 452; *Corn Exchange Bank* v. *Nassau Bank,* 91 id. 74; *Hathaway* v. *Co. of Del.,* 185 id. 368.

Respondent contends in substance that the insolvency of the second payee so that the first payee is unable to collect back the last payment (in this case the payment from defendant to Aguas) is not a sufficient defense, and cites as authority the *Union Bank Case,* 43 N. Y. 452, italicising the bare statement that Cregan, the second payee there, thereafter died insolvent. He fails to note, however, that the court laid stress and based its decision in favor of plaintiff, upon the fact that after the defendant in that case had been apprised that the payment to it was a mistake, Cregan remained perfectly solvent for a sufficient time to have enabled a re-collection of the money from him.

Plaintiff further urges that there was no proof by the defendant that its position had become irrevocably changed in that it could not collect from Aguas & Co. When, however, defendant undertook to prove, as his counsel put it,. '' that the man [Aguas] had gone away and that they could not collect from him,'' the court at the instance of plaintiff's counsel, excluded that '' entire line '' of questioning to which the defendant excepted.   The testimony, however, was not only material but absolutely essential to defendant's defense, and for the error of its exclusion the judgment must be reversed and a new trial granted, with thirty dollars costs to appellant to abide the event.

GUY and WAGNER, JJ., concur.

Judgment reversed.