PIERCE *v.* SCHNITZER.

1. APPEAL AND ERROR—QUESTIONS FOR JURY.
   There is no question for consideration by the jury where the material evidence presented only an issue of law.

2. ASSUMPSIT—OVERPAYMENT—MUTUAL MISTAKE—CERTIFICATES OF STOCK—STREET FORM—BROKERS.
   Plaintiffs, stockbrokers who had sold defendant 400 shares of stock in corporation and delivered to him certificates therefor in "street form" prior to reorganization of the corporation which resulted in a greatly increased per share value and, upon his authorization to sell his shares of stock after reorganization,

they paid him for 400 shares of stock at then current market value *held,* equitably entitled, as a matter of law, to recover overpayment in action of assumpsit on ground of mutual mistake where, at time payment was made, both parties were unaware of such reorganization.

Appeal from Hillsdale; Taylor (Mark D.), J. Submitted January 19, 1937. (Docket No. 89, Calendar No. 39,255.) Decided April 16, 1937.

Assumpsit by Edward Allen Pierce and others, copartners, doing business as E. A. Pierce & Company, against Morris Schnitzer for overpayment on a stock transaction. Directed verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Bisbee, McKone, Wilson, King & Kendall,* for plaintiffs.

*Paul W. Chase* and *W. D. Grommon,* for defendant.

WIEST, J. This is an action of assumpsit. Plaintiffs, under the copartnership name of E. A. Pierce & Company, are duly authorized dealers in securities. In February, 1934, defendant purchased, through plaintiffs, acting as brokers, 400 shares of Detroit-Michigan Stove Company stock in so-called "street form." In February, 1935, there was accomplished by recorded action a reorganization of the Detroit-Michigan Stove Company, under which the 400 shares, held by defendant, equaled but 160 shares of the authorized stock. The parties hereto were unaware of such change. In December, 1935, defendant authorized plaintiffs to sell his shares of stock and delivered the shares to plaintiffs' agency at the city of Jackson, and received plaintiffs' check for $1,019.58, which was the market value at that

time of 400 shares under the reorganization and an overpayment for the old shares.

When plaintiffs, in clearing the deal, made commitments of the 400 shares to two purchasers thereof discovery was made of the change under the reorganization and plaintiffs, in order to perform under the commitments, went into the open market and purchased an additional 240 shares of the reorganized stock and, upon refusal of defendant to make return of the overpayment on account of the difference mentioned, brought this suit and, by direction of the court, had verdict and judgment for $696.32.

Defendant reviews by appeal, claiming the issues should have been left to the jury and that he offered to return the money received for the stock upon the return of his 400 shares and that plaintiffs did not make such return.

The material evidence presented an issue of law and the court was not in error in so holding. The parties were not dealing at "arm's length." Defendant employed plaintiffs' agency in disposing of his shares of stock. Confessedly he has been overpaid. No rights of third parties are involved. Defendant received an overpayment under mutual mistake and, in equity and good conscience, may not retain it.

The offer of defendant to return the money upon return of his shares of stock was made at a time too late for plaintiffs to comply therewith because those shares had been purchased by others. If defendant is required to return the excess he received, above the market values of the stock, he is not required to part with anything he ought, of right, to retain.

The judgment is affirmed, with costs to plaintiffs.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.