J. Irwin Shapiro, J.
In the mistaken belief that he was the owner of a tax lien on property designated as lot No. 7, plaintiff paid the taxes on said lot over a period of years. He now sues to recover the sums thus paid by him totaling $8,308.25.
In 1951 plaintiff purchased several tax liens covering certain parcels of real property adjacent to lot No. 7. He did not bid on lot No. 7 nor did he receive a certificate of sale for it. At the sale he was given a certificate setting forth the tax liens upon which he had successfully bid. He took this certificate *722 to the City Collector’s office and asked for the tax bills on the property covered by those bids. By mistake of the City Collector the taxes on lot No. 7 were included in the bill given him. Without noticing that fact and relying upon the erroneous bill given to him by the city, the plaintiff paid the entire bill.
There is no question that the payments were made and received through mutual mistake. The error apparently stemmed from the fact that one of the city’s employees wrote plaintiff’s name in the ledger in such a manner that part of it extended alongside of the listing for lot No. 7. After the initial error plaintiff continued to pay installments of taxes levied on lot No. 7 until the tax year 1954-1955, when he discovered the error. He then demanded a refund of the amount he had paid as taxes on lot No. 7, but such payment was refused. Subsequently at an in rem sale the city acquired and presently has title to lot No. 7.
There is no question about the fact that the plaintiff was negligent in not examining the bills furnished him by the city and in paying taxes over a period of years upon lot No. 7, in which he had no interest. That negligence on his part in and of itself, however, does not furnish an excuse to the city for retaining moneys which it has unjustly and improperly received.
The general rule is that money paid tinder a mistake of fact may be recovered even though there was negligence on the part of the person making the payment, unless the one to whom the payment was made has so changed his or its position in consequence thereof that it would be inequitable to allow a recovery. (Mayer v. Mayor, 63 N. Y. 455, 457.)
The facts in the instant case come directly within the rule laid down in the Mayer case (supra). Here the payment was made through a mutual mistake of fact, a mistake which originated, however, through the error of one of the city’s employees, and even though the payments may be deemed to have been made through the negligence of plaintiff, unless the city has changed its position to its detriment, there is no bar to a recovery by the plaintiff. The proof in this case conclusively shows that the city has not been harmed in any way by the plaintiff’s negligence in making the payments and does show that the city would be unjustly enriched if it were permitted to retain those payments.
The city now owns lot No. 7. Its own expert states that at the time plaintiff discovered that he had been making payments on lot No. 7, which had not been bid in by him, and informed the city of that fact — in 1954 or 1955 — lot No. 7 was, and since then is, worth $23,500. This sum is apparently more than *723 enough to cover all of the taxes that would have accrued against the property from the time of plaintiff’s initial erroneous tax payment down to the time that the error was discovered and the city was informed of it. In any event, the city has not sustained the burden which is upon it of proving that this case does not come within “ the general rule that money paid under a mistake of a material fact may be recovered back, although there was negligence on the part of the person making the payment,” and that “ if circumstances exist which take the case out of the general rule, the burden of proving them rests upon the party resisting the repayment.” (Mayer v. Mayor, 63 N. Y. 455, 457, supra.)
The Corporation Counsel’s brief in this case is most comprehensive. It cites 20 cases or textbook authorities and discusses a great many of them. The court has carefully and painstakingly read and studied every one of the cases and the authorities cited but finds them to be inapposite on the facts in this record. A discussion of the distinction between each case cited or the textbook authorities quoted by the city and the facts here would unnecessarily extend this opinion. A sampling, for illustrative purposes, however, may not be amiss.
In MacMurray v. City of Long Beach (292 X. Y. 286) the defendant quotes from page 290 of the opinion, which reads: “ Our problem would be different if the installment payments made by the plaintiff had been used by the City for the purpose contemplated by the contract and the statute — viz., the reduction of the City’s tax lien. In such a case restitution may be denied. (Redmond et al., v. Mayor, etc., of New York, 125 N. Y. 632, 636.) ” and seeks to analogize it to this case. The language quoted must be applied to the setting in which it was used. In that case there was a specific agreement between the plaintiff and the defendant City of Long Beach as to how •the moneys paid by the plaintiff taxpayer were to be applied and the court pointed out that “ if the installment payments made by the plaintiff had been used by the City for the purpose contemplated by the contract ” restitution would be denied. In other words, the plaintiff would be held to his contract with the city. There was there no case of mutual mistake or unjust enrichment. The only issue decided by the Court of Appeals was that if the city had complied with the terms of the contract and had used the payments made by the plaintiff “ for the purpose contemplated by the contract ” it would be proper for the city to retain the plaintiff’s payments, because in that event the city would have fully performed the terms of the agreement on its part to be performed. It is not in point here where the *724 contract entered into between the parties was in all of its phases based upon a mutual mistake.
Another series of eases and authorities cited by the city in its brief (Hamer v. Sidway, 124 N. Y. 538; 13 C. J., Contracts, § 194, pp. 344-345; Strong v. Sheffield, 144 N. Y. 392; German Sav. Bank v. Brodsky, 39 Misc. 100, affd. 82 App. Div. 635; Gove v. Newton, 58 N. H. 359) hold merely that the forbearance to assert or exercise a legal right is a sufficient consideration and that it is not necessary to show that such forbearance operated as a benefit to the promissor or a detriment to the promisee. They were all eases, however, where something was done, or the doing of something was withheld, by the defendant — at plaintiff's request — under a valid and binding agreement and not one entered into by mutual mistake of the parties. That fact differentiates them from the case at bar.
The contention of the city that plaintiff’s assertion of ownership— relied upon by it and which caused it to exclude the subject lot from foreclosure — precludes and estops the plaintiff from now asserting that he was not the owner of the tax lien on lot No. 7 is untenable. The city knew in 1954 and 1955 what the true facts were. It was then in a position to rectify the error without loss to itself. The property was then worth $23,500 and could have been acquired by the city at that time, not only without any loss to itself — after reimbursing the plaintiff — but actually with a profit. Its contention in its brief that in order to establish that it has been damaged, account should be taken of ‘1 the taxes with interest which accumulated on this property from 1954 to 1958, amounting to over $6,000 '.' and the “ five years interest which the City would have earned on the market value of this property since 1954 but for its forbearance in foreclosing this property pursuant to agreement ” cannot receive the court’s approbation. Having knowledge of the facts in 1954 and 1955, it cannot hold the plaintiff responsible for taxes and interest accruing since that time in an effort to establish a change of position to its detriment.
What the city is really seeking here is a windfall occasioned, it is true, by the negligence of the plaintiff but under a chain of circumstances initiated by it. In Gonzalez v. City of New York (N. Y. L. J., Sept. 4, 1959, p. 10, col. 2), this court, in another connection, said what is truly applicable here: “ the same rules of fair play should be applied to the municipality or public corporation — unless prohibited by the express terms of a statute — as would be applied to an individual under the same circumstances. ‘ There is not one law for the sovereign and *725 another for the subject5 (Edlux Cont. Corp’n. v. State of N. Y., 252 App. Div. 373, 374-375).”'
In Pink v. Title Guar. & Trust Co. (274 N. Y. 167, 173), quoted with approval in MacMurray v. City of Long Beach (292 N. Y. 286, supra) a case cited by the defendant in its brief, the rule was aptly stated in this manner: 1 234‘ Independent of any statute, form of action or legal nomenclature, the obligation to do justice rests upon all persons, natural or artificial, and the law will compel restitution from a person who obtains money or property from another . ® * * unjustly, or without authority.”
Under the circumstances of this case plaintiff cle'arly comes within the general rule entitling it to receive back a payment made by mutal mistake since the city has not sustained the burden of showing any circumstances making it inequitable to require it to repay what it has unjustly received.
Judgment is directed in favor of the plaintiff for the relief demanded in the complaint, but without costs.