OPINION OF THE COURT
Robert A. Harlem, J.
This is an action in which the plaintiff seeks to recover a sum of money following the erroneous sale of stock by it for the account of the defendant. Findings of fact have already been made, and they will not be repeated in the course of this decision. The plaintiff sold 1,000 shares of Microbiological Sciences, Inc. stock for the defendant and delivered a check to her in the amount of $7,088.08. The stock certificate given by the defendant to the plaintiff was for shares of Microbiological Research Corporation/Microbiological Sciences, Inc. This stock was worth between 7 and 10 cents a share, whereas the stock which was sold was worth approximately $7 a share. The mistake was solely the result of the conduct of the plaintiff corporation.
The plaintiff contends that there was a mistake and an unjust enrichment, while the defense contends that Dorothy E. Bailey relied upon a quote made by the employees of the plaintiff, sold the stock as a consequence, and was functioning under no erroneous assumption. It is further claimed by the defense that recovery should be denied, in that the defendant has expended the proceeds of the sale and has changed her position as a result.
Research has been almost singularly nonrevealing, there being a dearth of reported cases on this subject. In particular, New York State courts apparently have not been called upon to address the issue presented here. Other jurisdictions have had rare occasions to write on this subject.
A case presenting a factual pattern quite similar to that offered herein is Dobbs v Perlman (59 Ga App 770, 2 SE2d 109), *1069 wherein a broker was presented with a stock certificate as well as a sell order. The broker was notified that there may have been an exchange in the stock some time in the past, but, erroneously, the broker indicated that the quotation previously given by him was correct. There was then a sale and a discovery that there had been a reorganization whereby the stock of the customer was only worth one sixth of its apparent face value. The court concluded that the broker was obviously negligent, but also noted that it was equally clear that the customer received money to which he was not entitled. Under principles of equity, it would be unjust to permit the customer to retain the proceeds, and the broker was permitted to recover.
A like result was reached in Toombs v Lewis (362 Ill 181, 199 NE 127) on a sale of interest bearing certificates. In 1971 the Illinois court in Stifel, Nicolaus & Co. v Coloia (2 Ill App 3d 224, 276 NE2d 408) reached a similar conclusion on an erroneous sale of stock. Once again this was after the certificate was examined by the broker. The court observed that as a general rule, and without regard to the negligence of the broker, where money is paid under a mistake of fact it may be recovered when it would not have otherwise been paid (see also, Pierce v Schnitzer, 279 Mich 341, 272 NW 699, an overpayment under a mutual mistake was recovered by the broker; Smith v Rubel, 140 Ore 422,13 P2d 1078 [1932], the broker recovered proceeds from the mistaken sale of stock for a customer; Dornner Childs & Woods v Sacked, 251 Pa 524, 97 A 89, the broker recovered proceeds from the sale of stock with a similar name to that held by customer; Richmond & Co. v Security Natl. Bank, 16 Tenn App 414, 64 SW2d 863, the broker recovered his excess proceeds of sale of erroneous stock).
The rationale of these cases comports with the law of this State as enunciated in Union Natl. Bank v Sixth Natl. Bank (43 NY 452) wherein it is noted that money which is paid under the impression of the truth of a fact which is untrue, may, generally, be recovered, however careless the party paying it may have been (see also, Hathaway v County of Delaware, 185 NY 368). The same proposition is set forth in Mayer v Mayor, Aldermen & Commonalty (63 NY 455), this case also holding that recovery may not be had when the innocent party receiving the moneys has changed position so that the requirement for repayment would become inequitable.
The fact that the defendant parted with the proceeds of the sale is not sufficient to excuse repayment, if pecuniary benefit was obtained from such disposition. This includes the discharge *1070 of a debt or the expenditure of money which was otherwise required (see, 13 Williston, Contracts § 1595 [3d ed]).
The testimony of the defendant indicates that the proceeds were used to pay debts and purchase tangible property or benefits. In this factual pattern there is no basis to deny the relief.
Judgment is awarded to the plaintiff in the amount of $7,088.08 less the value of the 1,000 shares of stock of Microbiological Research Corporation/Microbiological Sciences, Inc. That stock is to be valued at not less than 10 cents a share as testified to by Ernest Sochor, president of plaintiff corporation or at current market, whichever is higher. The plaintiff is entitled to interest on the net amount from June 11, 1981, the date of the check issued to the defendant.