UNITED STATES *v.* BURCHARD.

BURCHARD *v.* UNITED STATES.

APPEALS FROM THE COURT OF CLAIMS.

Nos. 158, 1332. Argued February 2, 1888. — Decided March 19, 1888.

An appeal, docketed here January 7, 1888, from a judgment of the Court of Claims which was entered February 4, 1884, is dismissed for want of due prosecution.

*Potts* v. *United States, ante,* 173, affirmed and applied to the case.

Opinion of the Court.

Section 1594, Rev. Stat. authorizing the transfer of a retired officer of the navy from the furlough to the retired pay list being intended to afford relief from the consequences of the findings of retiring boards, should be construed liberally: and being so construed, it is held that the President has power under it, with the advice and consent of the Senate, to make the transfer relate back to a time when, in his judgment, it ought to have been granted.

In an action in the Court of Claims by an officer to recover a balance claimed to be due him on pay account, the United States can set up as a counterclaim an alleged overpayment to him on that account, and can have judgment for it if established.

THE case is stated in the opinion of the court.

*Mr. Heber J. May* for the United States. *Mr. Attorney General* was with him on the brief.

*Mr. John Paul Jones* and *Mr. Robert B. Lines* for Burchard.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Jabez Burchard, an assistant engineer in the navy, was examined by a retiring board organized under § 1448 of the Revised Statutes, and the board reported that he was incapacitated from active service, and "that his incapacity was not the result of an incident of the service." The statutes regulating such a proceeding are given in full in *Potts* v. *The United States*, *ante,* 173, just decided. The President approved the findings, and Burchard was retired on furlough pay, October 26, 1874. On the 1st of March, 1877, the Secretary of the Navy addressed a letter to the Fourth Auditor of the Treasury, stating that "upon a full review of all the facts in the case . . . the department is of opinion that the causes which incapacitated him [Burchard] for active duty were incident to the service, and that he should have the higher rates of pay allowed to retired officers by § 1588 of the Revised Statutes."

On the 1st of March, 1878, the President made the following nomination:

"To the Senate of the United States:

"In accordance with § 1594 of the Revised Statutes, I nom-

inate Jabez Burchard assistant engineer, to be transferred from the furlough to the retired pay list of the navy from the 26th of October, 1874.

"R. B. HAYES."

On the 25th of March, 1878, the Senate advised and consented to the appointment as follows:

"*Resolved*, That the Senate advise and consent to the appointment of Assistant Engineer Burchard to be transferred from the furlough to the retired pay list from the 26th of October, 1874, agreeably to the nomination."

On the 1st of April, 1878, Burchard was notified of this transfer.

From the 26th of October, 1874, until the 1st of April, 1878, he has been paid seventy-five per cent of the sea pay for the grade or rank which he held at the time of retirement, being $1275 a year. Since April 1, 1878, he has been paid $850 a year, under the second clause of § 1588 — his half sea pay. He brought this suit on the 5th of September, 1883, to recover the difference between one-half and three-quarters of sea pay from April 1, 1878. The United States set up by way of counter-claim that he had been overpaid $1168.75 for his salary from April 1, 1875, to March 31, 1878, and asked judgment for that amount. The Court of Claims, on the 4th of February, 1884, dismissed both the petition and counter-claim. From that judgment both parties appealed. That of the United States was docketed in this court October 24, 1884, which was during the return term; but that of Burchard was not docketed until January 7, 1888, and he did nothing here in the mean time to make himself an actor in that behalf. For that reason his appeal is dismissed for want of due prosecution, on the authority of *The S. S. Osborne*, 105 U. S. 447. See also *Hilton* v. *Dickinson*, 108 U. S. 165, 168; *The Tornado*, 109 U. S. 110, 117.

We have, then, for consideration only the questions which arise on the appeal of the United States. The suit was brought to recover a balance claimed to be due for pay after March 31, 1878. The counter-claim is for moneys alleged to have been

overpaid between October 26, 1874, and March 31, 1878. As the petition of Burchard was dismissed because he had already been paid in full for all he was entitled to after March 31, 1878, the appeal of the United States brings up only the questions presented by the counter-claim. These are, first, as to the amount which Burchard was actually entitled to for his pay between October 26, 1874, and April 1, 1878, after his transfer "from the furlough to the retired pay list," and second, as to the right of the United States to recover back any amount he may have been paid over what he was actually entitled to by law.

As to the first of these questions it was settled in the case of *Potts, ante,* 173, that he was in no event entitled to more than half sea pay, and that all he got over that was by a mistake of the accounting officers. Whether he was entitled to more than half of leave of absence pay before April 1, 1878, depends on the effect of the action of the President, with the advice and consent of the Senate, in antedating the transfer so as to make it relate back to October 26, 1874, when the nomination to the Senate was not actually made until March 1, 1878.

What is now § 1594 of the Revised Statutes was originally enacted as part of § 3 of the act of January 16, 1857, (c. 12, 11 Stat. 134,) "to amend an act of February 28, 1855, (c. 127, 10 Stat. 616,) being 'an act to promote the efficiency of the Navy,'" and it was evidently intended to enable the President, with the advice and consent of the Senate, to relieve a deserving officer to a limited extent from the consequences of the findings of retiring boards. Under such circumstances it should in our opinion be liberally construed in favor of justice. This case may fairly be taken for illustration. The law requires a record of the proceedings and decision of the retiring board to be made and transmitted to the Secretary of the Navy, and by him laid before the President for his approval or disapproval, or orders in the case. At first the findings in this case were approved, and orders made thereon, but afterwards the department became satisfied on reëxamination that the findings were wrong, and that the incapacity was actually the result of causes incident to the service. Neither

the department nor the President could then change the findings, as they had already been approved, and were no longer open to review. The action of the President was equivalent to the judgment of an appropriate tribunal upon the facts as found. That judgment as a judgment could not be disturbed, but under this statement it was just within the power of the President, with the advice and consent of the Senate, to relieve the officer to some extent from its consequences by transferring him from furlough to retired pay. There is no prohibition against antedating such a transfer. The statute simply says that the President, by and with the advice and consent of the Senate, may make it, and in our opinion he may with like advice and consent determine whether it shall operate only in the future, or relate back to a time when in his judgment it ought to have been granted. It follows that Burchard, by this action of the President and Senate, became entitled to half sea pay from October 26, 1874. He has thus been overpaid only to the extent of one-fourth of sea pay from October 26, 1874, to March 31, 1878, or at the rate of $425 a year.

It only remains to consider whether the amount which has thus been paid, or as much thereof as is embraced in the counter-claim, can be recovered back in this action, and we are of the opinion that it can. The action was brought by Burchard to recover a balance claimed to be due on pay account from the date of his retirement. He had been paid according to his present claim until April 1, 1878, and consequently there was nothing to complain of back of that date. But in reality the account had never been closed, and was always open to adjustment. Overpayments made at one time by mistake could be corrected and properly charged against credits coming in afterwards. His pay was fixed by law, and the disbursing officers of the department had no authority to allow him any more. If they did, it was in violation of the law; and he has no right to keep what he thus obtained. Whether the government can in any case be precluded from reclaiming money which has been paid by its disbursing and accounting officers under a mistake of law, is a question which it is not now necessary to decide any more than it was in

*M'Elrath* v. *United States*, 102 U. S. 426, 441, when it was suggested. This is a case where the disbursing officers, supposing that a retired officer of the navy was entitled to more than it turns out the law allowed, have overpaid him. Certainly under such circumstances the mistake may be corrected. It follows that the judgment against the United States upon the counter-claim must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion. It is consequently so ordered.

*Reversed.*