## MORSE *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 274. Argued May 2, 1913.—Decided May 26, 1913.

A naval officer who had been retired under § 23 of the act of 1861 for disability not originating in the line of duty and afterwards transferred to the three-quarter pay list under § 1558, Rev. Stat., by authority of a special act of Congress, *held,* not entitled to advanced pay to which officers retired on account of wounds or disabil-

ity incident to the service are entitled under the act of June 29, 1906.

There being nothing in the record to show that any injustice was done by the Retiring Board in retiring an officer of the navy for disability not originating in the line of duty, a special act of Congress subsequently passed for his relief and placing him on a list by which he receives increased pay, will not be construed as one relieving him from wrong and injustice and giving him the benefits of officers retired for disabilities incident to the service.

46 Ct. Cl. 361, affirmed.

THE facts, which involve the construction of the acts of Congress relating to pay of retired naval officers, are stated in the opinion.

*Mr. George A. King,* with whom *Mr. Wm. B. King* was on the brief, for appellant.

*Mr. Frederick De C. Faust,* Acting Assistant Attorney *General,* for the United States.

MR. JUSTICE PITNEY delivered the opinion of the court.

The question in this case is whether the appellant, an officer on the retired list of the Navy, is entitled to the difference between the retired pay of a lieutenant and that of a lieutenant commander, from the date of the passage of the act of June 29, 1906, 34 Stat. 553, 554, c. 3590. At the time of his retirement he held the rank of lieutenant. The act referred to provides that any officer not above the grade of captain, whose name is borne on the official register of the Navy, and having certain other qualifications that the appellant concededly possesses, "and who has heretofore been, or may hereafter be, retired on account of wounds or disability incident to the service . . . may, in the discretion of the President, by and with the

advice and consent of the Senate, be placed on the retired list of the Navy with the rank and retired pay of one grade above that actually held by him at the time of retirement."

Appellant had served in the Navy during the Civil War, and thereafter until July 22, 1874, when he was retired on furlough pay upon approval by the President of the finding of a Retiring Board that he was incapacitated for performing the duties of his office, and that the incapacity did not originate in the line of duty. The Retiring Board acted under § 23 of the act of August 3, 1861, 12 Stat. 287, 291, c. 42, now §§ 1448 to 1457 of the Revised Statutes. Afterwards, and on July 17, 1878, under the provisions of § 1594, Rev. Stat., he was transferred by the President, with the consent of the Senate, from the furlough to the retired-pay list, and thereafter received 50 per centum of the highest sea pay of his grade as lieutenant.

On June 26, 1902, he was transferred from the half-pay list to the three-quarters pay list, under the authority of a special act of Congress, approved June 10, 1902, 32 Stat. 1444, c. 1075, which reads as follows: "Be it enacted, etc., that the Secretary of the Navy be, and he is hereby, authorized and empowered to transfer Lieutenant Jerome E. Morse, of the retired list of the United States Navy, from the half-pay list of the seventy-five per centum pay list of retired officers, under section fifteen hundred and eighty-eight of the Revised Statutes of the United States; and the said transfer shall take effect as of the passage of this Act."

The section of the Revised Statutes therein referred to is as follows: "Sec. 1588. The pay of all officers of the Navy who have been retired after forty-five years' service after reaching the age of sixteen years, or who have been or may be retired after forty years' service, upon their own application to the President, or on attaining the age

of sixty-two years, or on account of incapacity resulting from long and faithful service, from wounds or injuries received in the line of duty, or from sickness or exposure therein, shall, when not on active duty, be equal to seventy-five per centum of the sea-pay provided by this chapter for the grade or rank which they held, respectively, at the time of their retirement. The pay of all other officers on the retired list shall, when not on active duty, be equal to one-half the sea-pay provided by this chapter for the grade or rank held by them, respectively, at the time of their retirement."

In January, 1907, appellant was nominated by the President for advancement to the grade of lieutenant commander on the retired list, in accordance with the provisions of the act of June 29, 1906, first above mentioned; the nomination was confirmed by the Senate, and the appellant was shortly afterwards advised in the usual mode by the Secretary of the Navy that he had been advanced from June 29, 1906, the date of the passage of the act.

The question is, whether the appellant (having all other qualifications for advancement under the act referred to) is to be considered as having been retired for disability incident to the service; and this depends upon the question whether the special act of June 10, 1902, operated to change his status from that of an officer retired for incapacity not incident to the service, to that of an officer retired for incapacity incident to the service.

The Court of Claims resolved this question against the claimant (46 Ct. Claims, 361). This we think is correct. The case is in effect governed by *Potts* v. *United States,* 125 U. S. 173, and *United States* v. *Burchard,* 125 U. S. 176.

The argument to the contrary is based upon the act of June 10, 1902. Its title is—"An act for the relief of Lieu-

tenant Jerome E. Morse." This is invoked as an aid in interpreting the meaning of the enactment. The query propounded is, "What was the relief that Congress intended to grant the claimant unless it was relief from the consequences of the wrong and injustice that had been done him by the Retiring Board in 1874?" But this query begs the whole question. There is nothing in the record to show that any wrong or injustice was done by the action of the Retiring Board. The answer to the query is, we think, written in unmistakable terms in the act itself, and in § 1588, Rev. Stat., to which it refers. The intended relief consisted in an increase of pay, measured by the difference between half-pay and three-quarters pay, for the rank that he held at the time of his retirement; that is to say, for the rank of lieutenant.

The case differs widely from *McLean* v. *United States*, 226 U. S. 374, and is not controlled by it.

*Judgment affirmed.*