### UNITED STATES v. HAGAN, CUSHING CO.
### No. 1416.

District Court, D. Idaho, Central Division.
Sept. 29, 1939.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and Paul S. Boyd, Asst. U. S. Dist. Attys., all of Boise, Idaho, for the United States.

J. H. Felton, of Moscow, Idaho, and Maurice H. Greene, of Boise, Idaho, for defendant.

CAVANAH, District Judge.

The nature of the action is one where the United States seeks to recover the sum of $2,284.68 as processing tax levied under the Agricultural Adjustment Act and included in the purchase price of the goods purchased by the Government from the defendant and paid for by it, under certain contracts which have been filed and which are now being considered. The processing tax feature of the Act was declared unconstitutional by the Supreme Court in the case of United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. The plaintiff claims that the amount of the processing tax was included in the purchase price of the goods under the provisions in the contract providing: "Prices paid herein include any Federal tax heretofore imposed by Congress which is applicable to the material on this bid" and "* * * or charges are imposed or charged by Congress after the date set forth for the opening of this bid. * * * and are paid by the contractors. * * * Then the price named in this bid will be increased or decreased accordingly."

The principal question before the Court is on defendant's motion to dismiss and request that the plaintiff plead the entire contract. The request to plead the entire contracts was granted by the plaintiff as the contracts had been filed and are to be considered as a part of the complaint. So we approach the consideration of the question, whether under the provisions of the contracts and the law, is the plaintiff entitled to recover the sum involved, being the amount of the processing tax included in the bid price paid to the defendant by the plaintiff for the supplies furnished?

The defendant retains the amount of the processing tax which was afterward declared to be unconstitutional by the Supreme Court, and which was an illegal amount paid. The provisions of the statute referred to provide that the prices bid shall include any federal tax heretofore imposed by Congress which is applicable, and if charges *are imposed* or charged by Congress after the date set forth for the opening of the bids and are paid by the contractors, then the price named in the bid shall be increased or decreased accordingly.

The illegal charge of the processing tax under an unconstitutional Act was inoperative as though it had never been passed and was imposed on the Government who paid it and therefore the purchase price should be decreased accordingly, both under the terms of the contracts and the general principles of law that where money has been paid out by the Government without authority of law or erroneously by an officer of the United States, it may be recovered by the Government from the person to whom it was so paid.

This principle that the Government cannot be bound by the illegal acts of its officers in the payment of its money and that parties receiving moneys of the Government illegally paid must return it, is clearly expressed in the case of Wisconsin Central R. Co. v. United States, 164 U.S. 190–210–212, 17 S.Ct. 45, 51, 41 L.Ed. 399, where it is said: "As a general rule, and on grounds of public policy, the government cannot be bound by the action of its officers, who must be held to the performance of their duties within the strict limits of their legal authority, where, by misconstruction of the law under which they have assumed to act, unauthorized payments are made. * * * We concur in these views, and are of opinion that there is nothing on this record to take the case out of the scope of the principle that parties receiving moneys illegally paid by a public officer are liable ex aequo et bono to refund

them." United States v. Burchard, 125 U.S. 176, 8 S.Ct. 832, 31 L.Ed. 662; Sutton v. United States, 256 U.S. 575, 41 S.Ct. 563, 65 L.Ed. 1099, 19 A.L.R. 403.

The authorities cited by the defendant seem to be cases where the controversy was between private parties excepting the case of Lash Products Company v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251, which only involved what was the proper amount to be treated as sales price as the basis for imposing the sales tax thereon, and the authorities cited by the defendant were where voluntary payments of money were made by private parties, and not where the officers of the Government had illegally paid out moneys of the United States and therefore they are distinguishable when we apply the rule thus stated.

■ The argument is further made that the price of the goods was a "composite price", that is, one made up of distinct parts and elements and it does not appear that the tax was separate and apart from the purchase price of the commodities as distinguished from being buried in the "composite price". But an interpretation of the contracts discloses that it can be definitely determined from them, and a reference to the Agricultural Adjustment Act, and the regulation issued thereunder, what part of the bid price represents the tax and what part represents the value of the goods. The amount of the tax included in the contract price was as definitely known as if the words and figures had been written into the contracts. It appears in the complaint that on various dates between April 1935 and November 20, 1935, the defendant entered into certain contracts with the plaintiff to deliver to various agencies of the United States Government supplies including pork and pork products at prices fixed by bids submitted by the defendant to the plaintiff, containing rates of processing taxes imposed upon products furnished by the defendant to the plaintiff, which had been fixed by the Secretary of Agriculture under the supposed authority of the Agricultural Adjustment Act of May 12, 1933, as amended, 7 U.S.C.A. § 601 et seq., and delivered the supplies pursuant to the contracts and that plaintiff paid to the defendant the full price bid which included amounts for which the defendant was liable under the supposed authority of the Agricultural Adjustment Act for processing taxes levied by that Act

on the products furnished by the defendant to the plaintiff. And it is set forth in the complaint the amount of the processing tax included in the bid price which was paid by the plaintiff to the defendant under each contract for each month, commencing April 22, 1935, to and including November 20, 1935, making the total of $2,284.68. The specific amounts of the processing tax for each of the months involved are set forth in the complaint and from it one can determine the exact amount of the processing tax and the charge that it was illegal as reference is made in the complaint that the processing tax was levied under the *supposed* authority of the Agricultural Adjustment Act. The defendant has received from the buyer, the United States, the amount of the illegal tax and unless the United States is entitled to recover it back, the seller, the defendant, would be enriched to the extent of the processing tax without consideration, as the non-payment of the tax does not affect the net cost of the goods to the seller.

The motion to dismiss is denied.