### UNITED STATES v. CITY OF PHILADELPHIA et al.

### Civil Action No. 2392.

District Court, E. D. Pennsylvania.

May 11, 1943.

Gerald A. Gleeson, U. S. Atty., and Walter A. Gay, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

Robert McCay Green, City Sol., and Edwin S. Ward and Michael D. Hayes, Asst. City Sols., all of Philadelphia, Pa., for City of Philadelphia.

Robert T. McCracken, C. Brewster Rhoads, and Samuel Fessenden, all of Philadelphia, Pa., for School Dist. of Philadelphia.

BARD, District Judge.

This action was brought by the United States of America against the City of Philadelphia, the School District of Philadelphia, the Receiver of Taxes of Philadelphia County, and the members of the Board of Revision of Taxes of Philadelphia County to recover city and school taxes paid to the City and School District to vacate any city and school tax assessments and liens on the properties in question, and to restrain the defendants from assessing future taxes against these properties and collecting such taxes.

The properties in question were part of the estate of Joseph Pennell, who by will left them to his wife for life and upon her death to the United States of America for the Division of Prints of the Library of Congress, the income from the properties to be used by the Library of Congress to maintain a collection of etchings and other works of the decedent. The widow of the testator died in 1936 and the Orphans' Court of Philadelphia County awarded the estate to the Library of Congress. The award was accepted by the Congress in that year. On August 3, 1937, the properties in question, being real estate in the

City of Philadelphia, were conveyed by the Librarian of Congress to the Provident Trust Company of Philadelphia under a deed of trust which was revoked on July 27, 1940, when the title to the properties was vested in the Library of Congress Trust Fund Board. This trust deed provided, inter alia, as follows:

"Third: Trustee shall first pay out of all principal and income moneys so collected all expenses and costs in connection with the management and administration of the said Trust and in connection with the carrying and maintenance of said real estate, including all taxes, water rents, insurance premiums, costs of repairs and any and all other charges in connection with the maintenance of said real estate.

"Fourth: Trustee after the payment of all necessary costs, charges and expenses in connection with the management and administration of this Trust and the carrying and maintenance of said real estate shall pay all moneys, both principal and income, to the person who may be occupying the position of Librarian of Congress at the time such payments are made."

The Provident Trust Company as trustee paid the city and school taxes on a number of the properties from 1936 to 1940. By stipulation it has been agreed that the taxes on all the properties for the year 1936 and on one property for the year 1940 were legally assessed and properly paid. It has also been stipulated that taxes for the year 1941 were erroneously assessed on all the properties and that no attempt has been made to collect them. Although the stipulation does not so provide, defendants have conceded that since 1940 all the properties are exempt from local taxation, and they do not oppose an injunction against the assessment and collection of future taxes while the properties are owned by the Library of Congress Trust Fund Board. This narrows the matters at issue to the question whether the plaintiff is entitled to recover for the taxes paid on the properties for the years 1937, 1938, 1939, and, in two instances, 1940. The amount of the taxes in dispute has been stipulated as $1,669.45 as to the defendant City of Philadelphia and $937.78 as to the defendant School District of Philadelphia.

■■ Defendants do not challenge the familiar principle of law that property of the United States, whether owned directly or by an instrumentality or agency, is ex-

empt from local taxation. Clallam County v. United States, 263 U.S. 341, 44 S.Ct. 121, 68 L.Ed. 328. Their first and principal contention is that these taxes were voluntarily paid by the Provident Trust Company under the express authority of the trust deed by which it held legal title to the properties. This contention cannot be sustained. Assuming that the trust deed was intended to authorize the payment of taxes which could not lawfully be assessed against these properties, the United States would not be bound by the act of its agent, the Librarian of Congress, in granting such authority. See Utah Power & Light Co. v United States, 243 U.S. 389, 409, 37 S.Ct 387, 61 L.Ed. 791, 818. The right of the United States to recover payments wrongfully made by one of its agents has recently been set forth in an opinion of the Supreme Court, speaking through Mr. Justice Black, in United States v. Wurts, 303 U.S. 414, at page 415, 58 S.Ct. 637, 638, 82 L.Ed. 932, at page 934, as follows: "The Government by appropriate action can recover funds which its agents have wrongfully, erroneously, or illegally paid. 'No statute is necessary to authorize the United States to sue in such a case. The right to sue is independent of statute.' United States v. Bank of the Metropolis, 15 Pet. 377, 401, 10 L.Ed. 774. Section 610 of the 1928 Act, [26 U.S.C.A.Int.Rev.Acts page 460], relied upon as barring recovery of this erroneous and unwarranted tax refund, does not grant the Government a new right, but is a limitation of the Government's long-established right to sue for money wrongfully or erroneously paid from the public treasury."

■ It has also been repeatedly held that the defense of voluntary payment is not good as against the United States. In Heidt v. United States, 56 F.2d 559, at page 560, certiorari denied 287 U.S. 601, 53 S.Ct. 8, 77 L.Ed. 523, the Circuit Court of Appeals for the Fifth Circuit said: "One contention is that by long continuance of the payments with knowledge of the facts the United States is estopped to recover. A voluntary payment made by an individual under no mistake of fact is ordinarily not recoverable, because he may do what he wills with his own money. But the rule is quite otherwise in payments of public money made by public officers. Norfolk County v. Cook, 211 Mass. 390, 97 N.E. 778, Ann.Cas.1913B, 650 and note. They have no right of disposal of the money, but must act according to law, the law operating as a limitation on

their authority to pay. The party receiving an illegal payment is bound to know the law, and ex equo et bono is liable to refund it. Wisconsin Central R. Co. v. United States, 164 U.S. 190, 17 S.Ct. 45, 41 L.Ed. 399; United States v. Burchard, 125 U.S. 176, 8 S.Ct. 832, 31 L.Ed. 662. The long continuance of over-payments illegally made does not prevent their recovery, even when contractual relations are involved. Grand Trunk Western Ry. Co. v. United States, 252 U.S. 112, 40 S.Ct. 309, 64 L.Ed. 484".

Although there appears to be no reported case in which the question of voluntary payment of taxes on government property has been raised, the general rule set forth above has been applied to actions for the recovery of taxes where the United States brought suit on behalf of Indians to obtain refund of taxes paid on property owned by the Indians and exempt from local taxation under federal law. In United States v. Chehalis County, D.C., 217 F. 281, at page 285, the court stated: "The familiar doctrine that taxes voluntarily paid cannot be recovered is invoked by the defendant. Putting to one side the question whether payment by persons under such disabilities as tribal Indians can correctly be designated as voluntary, and the further question whether such rule is one to be invoked in equity, yet it is clear that it has no application here. The exacting requirements necessary to take a given case out of the rule as to voluntary payment grows, in part, out of a policy of protecting the state from embarrassment in the matter of collecting its revenues. In such matter it does not enter itself in the lists under the same rules by which ordinary litigants must abide. It is hedged about by special privileges in such matter. The disadvantage of the individual in this particular does not obtain in a case such as the present, where the government itself seeks such recovery. To invoke such rule in the latter case would be to grant immunity to the state—to facilitate the performance of its functions to the detriment of the United States in the discharge of its duties. The reason of the rule has then ceased to exist, and therefore the rule is inapplicable."

Similarly, in Board of Commissioners of Caddo County, Oklahoma, v. United States, 10 Cir., 87 F.2d 55, at page 57, the court said: "The further contention is advanced that since the taxes were paid voluntarily, their return cannot be exacted even though the land was in trust. The argument is without avail. If payment had not been made, interest and penalties would have been added and the land would have been advertised and sold, all under color of authority asserted to emanate from the statutes of the state. A cloud thus would have been placed upon the title. Payment of taxes wrongfully assessed against land of an Indian which is immune, made in order to avoid these serious disadvantages with some uncertainty of outcome, does not deny the right of the United States to maintain an action for the recovery of the amount."

■ A further defense to plaintiff's right to recover is advanced by the defendant School District of Philadelphia. This contention is that since the properties in question were a gift to the United States, there would be no interference with governmental functions of the United States by permitting local taxation of the properties where the taxes, along with other expenses of maintaining the properties, were paid out of the income therefrom, and no recourse to funds from the United States Treasury was necessary. This argument is ingenious, but it cannot be upheld. The payment of the taxes would interfere with the function of the Library of Congress in carrying out the purpose of the gift which was accepted by Congress, by the depletion of the funds available for this purpose to the extent of the taxes paid. No significant distinction exists between a case in which funds to be used in the performance of a governmental function are received by the government and improperly expended, and a case in which they would be received by the government if not previously improperly expended.

Judgment is entered in favor of the plaintiff against the defendant City of Philadelphia in the amount of $1,669.45, and against the defendant School District of Philadelphia in the amount of $937.78. It is further ordered and decreed that as to the following properties in the City of Philadelphia: 702 Ritner Street, 6021 DeLancey Street, 5259 Pine Street, 2513 S. Reese Street, 1262 N. Frazier Street, and 2031 Boston Avenue, defendants vacate any tax assessments or liens for the years 1940 and 1941, and refrain from assessing or collecting any taxes thereon so long as they are owned by the United States or an instrumentality thereof.