ALEXANDER MACMURRAY, as Receiver, Appellant, *v.* CITY OF LONG BEACH, Respondent.

Submitted February 25, 1944; decided April 13, 1944.

*Joseph Clifford* for appellant. I. The motion to dismiss the complaint under subdivision 5 of rule 106 of the Rules of Civil Practice must be denied because the complaint states a good cause of action at law for money had and received. (*Hall* v. *Prudential Insurance Co.,* 72 Misc. 525, 148 App. Div. 934; *Port* v. *Holzinger, No. 1,* 212 App. Div. 124; *Columbian Laundry* v. *Hencken,* 203 App. Div. 140; *Parkway Laundry Service, Inc.,* v. *Decker,* 257 App. Div. 327; *Cushman* v. *Martin,* 6 Hun 245; *Darragh* v. *Ross,* 55 Hun 605, 130 N. Y. 641; *Miller* v. *Harris,* 102 N. Y. S. 604; *Caesar* v. *Rubinson,* 174 N. Y. 492; *Seidlitz* v. *Auerbach,* 230 N. Y. 167.) II. Under the agreement and the statutes authorizing it, plaintiff, even though in default, is entitled to recover for the failure of defendant to apply the moneys deposited with it in reduction of its tax lien. (*Kahn* v. *Tobias,* 16 Misc. 83; *Seidlitz* v. *Auerbach,* 230 N. Y. 167; *Caesar* v. *Rubinson,* 174 N. Y. 492; *Tipton* v. *Feitner,* 20 N. Y. 423; *Ming* v. *Corbin,* 142 N. Y. 334; *Dablyn Management Corp.* v. *Manufacturers Trust Co.,* N. Y. L. J., Dec. 2, 1939, p. 1924.) III. Plaintiff's conduct in depositing moneys called for under the agreement with the defendant did not constitute voluntary payment of taxes. (*Bruecher* v. *Village of Port Chester,* 101 N. Y. 240; *Effell Realty Corp.* v. *City of New York,* 282 N. Y. 541; *Goldberg* v. *City of New York,* 260 App. Div. 61, 285 N. Y. 705; *Moss Estate, Inc.,* v. *Town of Ossining,* 268 N. Y. 114; *Adrico Realty Corp.* v. *City of New York,* 250 N. Y. 29; *American District Telegraph Co.* v. *City of New York,* 213 App. Div. 578, 243 N. Y. 565; *M. & T. Trust Co.* v. *City of Buffalo,* 266 N. Y. 319; *Wood* v. *Supervisors of Monroe Co.,* 50 Hun 1; *Gubin* v. *City of New York,* 150 Misc. 182; *People ex rel. Atlantic Gulf & Pacific Co.* v. *Miller,* 173 Misc. 397; *Hathaway* v. *Payne,* 34 N. Y. 92; *Brehm* v. *New York, etc., of N. Y.,* 39 Hun 533, 104 N. Y. 186.)

*Bernard H. Reich, Corporation Counsel,* for respondent. I. The express provisions contained in the contract that on default all the rights and benefits accruing thereunder to the party of the first part shall be extinguished, bar recovery to the plaintiff. (*Stern* v. *Gepo Realty Corp.,* 289 N. Y. 274; *Title Guarantee & Trust Co.* v. *City of New York,* 265 App. Div. 304; *Sloane Estates, Inc.,* v. *City of New York,* 175 Misc. 674, 262 App. Div. 722, 287 N. Y. 818.) II. The complaint should have been dismissed by the Appellate Division upon the further and additional ground that the taxes sought to be recovered in this action were valid and legal taxes voluntarily paid to the city without protest. (*Adrico Realty Corp.* v. *City of New York,* 250 N. Y. 29; *Title Guarantee & Trust Co.* v. *City of New York,* 265 App. Div. 304; *Sloane Estates, Inc.,* v. *City of New York,* 175 Misc. 674, 262 App. Div. 722, 287 N. Y. 818; *N. Y. Rapid Transit Corp.* v. *City of N. Y.,* 275 N. Y. 258; *Olive Coat Co.* v. *City of New York,* 283 N. Y. 733; *City of Utica* v. *Proite,* 178 Misc. 925, 288 N. Y. 477; *Girls' Friendly Soc. of N. Y., Inc.,* v. *City of New York,* 144 Misc. 839; *Matter of Morewood Realty Holding Co.,* 241 App. Div. 841; *Seif* v. *City of Long Beach,* 286 N. Y. 382.)

LEWIS, J. Our inquiry goes to the sufficiency of the complaint in this action.

From that pleading it appears that the plaintiff-appellant is the receiver of rents in an action to foreclose a certificated mortgage upon premises known as No. 405 East Broadway in the City of Long Beach. Against the mortgaged premises was an outstanding tax lien owned by the defendant City which lien, with accrued penalties, amounted to $3,347.60. In an effort to avoid the accrual of additional penalties the plaintiff arranged to take advantage of statutes which authorize the city, upon resolution of its council, to cancel penalties and interest on unpaid taxes levied on real property prior to April 1, 1940, provided such taxes are paid within one year. (L. 1934, ch. 917 as amd. by L. 1942, ch. 647, and L. 1935, ch. 725; see McKinney's Unconsolidated Laws [Book 65], §§ 9671 and 9672.) Acting in accord with such statutory procedure the City Council of the defendant City adopted a resolution which permitted the plaintiff to pay the tax lien in installments without penalty but

with interest on the face amount at the annual rate of six per cent. Thereupon the plaintiff entered into a written contract with the City whereby he agreed to pay in ten installments delinquent taxes then amounting to the sum of $3,273.95 with six per cent interest. The agreement provided in part:

" *Second.* Should the party of the first part fail to pay any installment and/or interest upon the due date thereof, and if such default shall continue for a period of ten days, then and in that event, this agreement shall cease, terminate and come to an end without notice, and all the rights and benefits accruing hereunder to the party of the first part shall be extinguished, *and all moneys paid under this agreement shall be applied on account of and in reduction of the aforesaid tax lien together with all interest, penalties and charges as hereinafter set forth.*

" In the event of the failure of the party of the first part to comply with the terms and conditions of this agreement, then and in that event the making of this agreement shall not be deemed to in any way impair any of the rights and powers of the City of Long Beach or the Treasurer thereof contained in any general or special act including the Charter or Local Laws; but such rights and powers shall remain in full force and effect and the City Treasurer of the City of Long Beach shall enforce the collection of such tax lien together with the full amount of interest, penalty and other lawful charges in accordance with the provisions of such laws, *crediting to the party of the first part any and all sums paid hereunder,* \* \* \*." (Italics supplied.)

In accord with this agreement the plaintiff paid to the City eight installments aggregating $2,687.91. He failed to pay the last two installments. As a result of such default the City in August, 1938, sold the tax lien at its face value plus interest and advertising costs, amounting in all to $3,496.60. In making such sale the City did not credit the sum of $2,687.91, being the total amount of the eight installments previously paid by the plaintiff in reduction of the tax lien. Subsequently, and after the City had refused the plaintiff's demand that it return to him $2,687.91, the plaintiff instituted the present action for restitution of that sum. Thereafter the County Court of Nassau County denied a motion by the defendant to dismiss the com-

plaint under rule 106, subdivision 5, of the Rules of Civil Practice. The Appellate Division reversed on the law the order of the County Court, two justices dissenting, and directed that the complaint be dismissed.

The default by the plaintiff, after making eight installment payments, afforded the City a legal basis for a sale of the tax lien but only " \* \* \* for the unpaid balance of such taxes together with any interest or penalties thereon and any other charges allowed by law." (L. 1935, ch. 725.) In fulfillment of the express purpose of its contract with the plaintiff, the City was required to apply in reduction of the tax lien all moneys paid by the plaintiff. In the event of plaintiff's failure to comply with the contract, the City had the right to enforce the collection of the tax lien with interest and penalties but only after " crediting to the party of the first part [the plaintiff] any and all sums paid hereunder."

If we accredit the allegations of the complaint, as we must do in our review of the order before us, we must treat as a fact the plaintiff's allegation that the defendant City and its treasurer wrongfully failed to use the installment payments made by the plaintiff for the purpose of reducing the amount of the City's lien. Indeed, the City in its brief filed as respondent upon this appeal concedes that — " In making such sale \* \* \* the treasurer inadvertently sold the property for the full amount of the taxes without crediting the installments paid thereon by the plaintiff."

Our problem would be different if the installment payments made by the plaintiff had been used by the City for the purpose contemplated by the contract and the statute — viz., the reduction of the City's tax lien. In such a case restitution may be denied. (*Redmond et al., v. Mayor, etc., of New York,* 125 N. Y. 632, 636.) But where, as in the present case, the City accepted plaintiff's installment payments and thereafter, without giving heed to the use to which it had agreed they should be put, not only failed to credit them against the tax lien but collected the entire amount of the lien from avails of a sale thereof to a third person, the plaintiff's payments — even if originally voluntary in character — are not irretrievable. " Independent of any statute, form of action or legal nomenclature, the obligation to do justice

rests upon all persons, natural or artificial, and the law will compel restitution from a person who obtains money or property from another * * * unjustly, or without authority.'' (*Pink* v. *Title Guarantee & Trust Co.,* 274 N. Y. 167, 173.)

We are mindful of the rule that one who breaches an executory contract may not recover the amount paid thereunder. (*Lawrence* v. *Miller,* 86 N. Y. 131, 140.) But that is not the theory of the plaintiff's cause of action as pleaded. We recognize in his complaint the essential allegations of a cause of action for money had and received — a remedy available to him upon the facts pleaded. There are allegations that the plaintiff paid money to the defendant for a specific purpose, viz., payment on account of the tax lien, as provided in the contract made by him with the defendant City; that the defendant failed to apply to such purpose the payments made by the plaintiff; that having sold the tax lien and received from a third party on such sale the face value of the lien with interest and advertising costs without crediting payments made by the plaintiff in reduction of the tax lien, the defendant will be unjustly enriched to the extent of the money received from the plaintiff. Finding in the complaint allegations which, if proved, would establish that the defendant has received from the plaintiff a sum of money which it could not in good conscience retain and that the defendant has refused to pay over the same after demand has been made therefor, a cause of action for money had and received is stated. (*Schank* v. *Schuchman,* 212 N. Y. 352, 357–360; *Strough* v. *Board of Supervisors,* 119 N. Y. 212, 219, 220; *Newman* v. *Supervisors of Livingston Co.,* 45 N. Y. 676, 687, 688; and see *Chapman* v. *County of Douglas,* 107 U. S. 348, 356; *Mayer* v. *Mayor,* 63 N. Y. 455, 458–460.)

The judgment of the Appellate Division should be reversed and the order of the County Court affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.