## Mickelberg Estate

*Eugene F. Mande*, for accountant.
*Nathan Teitelman*, for minor.

KLEIN, P. J., December 29, 1953.—By decree of this court, dated November 5, 1951, the Real Estate Trust

Company of Philadelphia, now the Liberty Real Estate Bank and Trust Company, was appointed substituted guardian of the estate of Susan Mickelberg, a minor, who was born on January 1, 1948.

Albert Mickelberg, father of the minor, enlisted in the United States Army on August 11, 1949, and was assigned to the infantry. In due course he was sent to Korea. On August 17, 1950, the Department of the Army, in an official report to the Veterans Administration, listed Albert Mickelberg as killed in action on July 25, 1950. On the basis of this report the Veterans Administration awarded death compensation benefits to the guardian at the rate of $58 a month. The first payment of $1,053.67 was made on February 15, 1952, representing payments for the period July 26, 1950, to January 31, 1952. Further monthly payments totaling $232 were paid to the guardian for the months of February, March, April, and May 1952.

On May 15, 1952, the Veterans Administration received from the Department of the Army a report stating that the report that Albert Mickelberg was killed in action was erroneous; that his correct status was missing in action as of July 25, 1950. There can no longer be any question that Albert Mickelberg, the minor's father, is alive, as he appeared in person before the auditing judge at the audit.

The Veterans Administration, upon learning that Albert Mickelberg was still alive, terminated the payments of death benefits and requested the repayment of $1,285.67, representing the full amount of the benefits theretofore paid.

The guardian thereupon applied for relief under the provisions of section 28 of the World War Veterans' Act of June 7, 1924, 43 Stat. at L. 615, as amended, 38 U. S. C. §453. The Veterans Administration Central Committee on waiver and forfeiture waived recovery

of $348.54 of the amount paid, but did not waive the balance of $937.17, and the present account has been filed by the guardian in order that a claim for the recovery of this amount might be presented by the Veterans Administration.

There can be little question that the Veterans Administration is entitled to the amount which it is now claiming. By the Act of May 11, 1951, 65 Stat. at L. 40, U. S. C. §745, the benefits and compensation provided by 38 U. S. C. were extended to include veterans of the Korean War and their dependents. The Act of Congress of October 17, 1940, 54 Stat. at L. 1197, 38 U. S. C. 11(a)-2, provides that, except where suit is permitted on contracts of Government insurance, ". . . the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act administered by the Veterans Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions." (See also 38 U. S. C. §705).

It is therefore apparent from the foregoing that Susan Mickelberg, the minor, had no entitlement to death compensation benefits from the Veterans Administration; that the payments to the guardian were made as the result of a mistake of fact, and that the decision of the Administrator of Veterans Affairs, expressed through the Central Committee on Waivers and Forfeitures, is binding and not subject to review by the orphans' court.

Furthermore, the right of the United States to recover public funds erroneously, wrongfully, or illegally disbursed by its agents is so well established that it is not now subject to question: United States v. Wurts, 303 U. S. 414 (1938) ; United States v. Dempsey, 104 Fed. 197 (1900) ; Heidt v. United States, 56 F. 2d 559

(1932) ; certiorari denied 287 U. S. 601; Butte A. & P. Ry. Co. v. United States, 61 F. 2d 587 (1932) ; United States v. Bentley, 107 F. 2d 382 (1939), and United States v. Gudewicz, 45 F. Supp. 787 (1942) ; United States v. City of Philadelphia et al., 50 F. Supp. 170 (1943).

As stated above, Albert Mickelberg, the minor's father, appeared at the audit and entered an appearance in propria persona, in which he made the following claims:

> "Arrears of pay and allowances due to me at date
> of my reported death ...................... $115.74
> "Commonwealth of Penna. World War II Veterans
> Compensation (Bonus) .................... 350.00
>
> Total............... $465.74"

Since there is no question that these payments should have been made directly to claimant and that they were paid to the guardian of his daughter because of the erroneous report of his death, it seems clear that he is entitled to repayment of these amounts, and they will be so awarded.

The appearance slip of counsel for the guardian requests that the guardian be discharged and that "the balance of the funds in this estate be awarded to the Clearfield Savings and Loan Association on account for Elaine Baigelman, mother and natural guardian of Susan Mickelberg, the said account to be marked 'funds not to be withdrawn until the minor attains the age of 21 years or upon further order of the court during minority'." By letter dated December 15, 1953, which is annexed hereto, counsel for the accountant, states that the guardian is in accord with the aforesaid request contained in his appearance slip. He further states that the guardian requests an award of five percent of the entire principal in this estate, and it will be so awarded.

| | | |
|---|---:|---:|
| The balance of principal, composed as stated is........ | | $2,580.99 |
| Add additional debit shown in the appearance slip of counsel ........................................... | | 2.00 |
| Making ......................................... | | $2,582.99 |
| Less additional credits requested in the appearance slip of counsel, aggregating ......................... | | 153.05 |
| Leaving ........................................ | | $2,429.94 |
| from which there are awarded the following: | | |
| To Liberty Real Estate Bank & Trust Company commissions at 5% on $2,582.99......... | $129.15 | |
| To United States of America............... | 937.17 | |
| To Albert Mickelberg...................... | 465.74 | |
| | $1,532.06 | 1,532.06 |
| Leaving ........................................ | | $ 897.88 |

This sum, together with the balance of income, $123.41, and together with any further income or interest on deposits, is awarded to Elaine Baigelman, mother and natural guardian of Susan Mickelberg, the minor, to be deposited in the Clearfield Federal Savings and Loan Association in an account in her name as natural guardian of Susan Mickelberg, said account to be marked "not to be withdrawn until the minor attains her majority, except upon further order of court during minority," the deposit book to be produced to the auditing judge for inspection and approval immediately after the deposit is so made. Upon the minor's attaining her majority on January 1, 1969, this fund, or so much thereof as shall remain in the account, may be withdrawn upon the joint order only of Elaine Baigelman and the late minor without further order of court.

Upon the absolute confirmation of the account in due course and the transfer and delivery of the assets in accordance with this adjudication, Liberty Real Estate Bank and Trust Company is discharged as guardian of the estate of Susan Mickelberg, minor.

Leave is granted to the accountant to make all transfers and assignments necessary to effect distribution in accordance with this adjudication.

And now, December 29, 1953, the account is confirmed nisi.