■ CHRISTIAN BAUR et al., Respondents, v. RICHARD A. HENNING, Appellant, and BRONXVILLE GARDENS COOPERATIVE APARTMENTS CORP., Respondent.— The complaint alleges, in substance, that appellant owned 23 shares of stock of respondent corporation and occupied an apartment in premises owned by that respondent; that appellant represented to respondents Baur that he could transfer said stock and the right to occupy the apartment to them; that they relied on that representation and purchased the stock from appellant for $3,400; that thereafter respondent corporation refused to recognize the sale and to allow them to occupy the apartment and represented that only the corporation could transfer good title to the stock and the right of occupancy; that they relied on said representation by respondent corporation and paid it the further sum of $3,400 for the same 23 shares of stock, and that either appellant or respondent corporation has been unjustly enriched in that amount. Judgment for $3,400 is demanded against either the appellant or the respondent corporation. The pleadings and the affidavits submitted on this motion by respondents Baur for summary judgment against appellant indicate that the respondent corporation's refusal to recognize the sale from appellant to the Baurs was based upon the provisions of the by-laws and occupancy agreement which required that the stock be first offered to the corporation, and upon its claim that it had exercised the option to purchase said stock. Appellant took the position that the corporation had waived its right to purchase his stock by a letter dated July 9, 1954, written by its assistant secretary-treasurer. The appeal is from the order of the City Court of Yonkers, granting the motion for summary judgment against appellant and from the judgment entered thereon. Order and judgment reversed, with $10 costs and disbursements, and motion denied, without costs. In our opinion the complaint may be construed as alleging, at least, a cause of action at law against appellant for money had and received (cf. *MacMurray* v. *City of Long Beach,* 292 N. Y. 286, 291) of which the City Court of Yonkers has jurisdiction. Summary judgment, however, should not have been granted. Questions of fact are presented which require a trial, particularly with respect to the circumstances under which the letter of July 9, 1954 was written and the authorization therefor by the board of directors. Moreover, the affidavit in support of the motion was defective in failing to state the affiant's belief that there is no defense to the

action. (*Freund* v. *James McCullagh, Inc.*, 268 App. Div. 875.) Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.