Maxine Vander WEISS, formerly Maxine Thelma Vander, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18870.

United States Court of Appeals Fifth Circuit.

Dec. 14, 1961.

---

S. Sherman Weiss, Fort Lauderdale, Fla., for appellant.

Lavinia L. Redd, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and WISDOM, Circuit Judges.

JONES, Circuit Judge.

The appellant was formerly the wife of Van G. Vander who was at one time a member of the United States Army. As the wife of a serviceman, she received a family allowance and a voluntary allotment. Vander was discharged from military service on November 29, 1945. The United States continued to make payments of the allowance and allotment from December 1, 1945, to August 31, 1947. The appellant obtained a decree of divorce against Vander in 1952. The United States, in 1955, asserted a claim against the appellant and, in 1960, sued for the recovery of the overpayments. The appellant asserted that she had received the payments in good faith believing her husband was in the military service and expended the sums received for the maintenance of a home to which her husband might return. She averred that she was entitled to support from her husband. The claim, she contends, was against her husband and not against her. Estoppel and laches were relied upon to defeat the claim of the United States. The district court entered a summary judgment for the United States, from which this appeal has been taken.

The controlling principle of law has been thus stated by this Court:

"One contention is that by long continuance of the payments with knowledge of the facts the United States is estopped to recover. A voluntary payment made by an individual under no mistake of fact is ordinarily not recoverable, because he may do what he wills with his own money. But the rule is quite otherwise in payments of public money made by public officers. Norfolk County v. Cook, 211 Mass. 390, 97 N.E. 778, Ann.Cas.1913B, 650 and note. They have no right of disposal of the money, but must act according to law, the law operating as a limitation on their authority to pay. The party receiving an illegal payment is bound to know the law, and ex equo et bono is liable to refund it. Wisconsin Central R. Co. v. United States, 164 U.S. 190, 17 S.Ct. 45, 41 L.Ed. 399; United States v. Burchard, 125 U.S. 176, 8 S.Ct. 832, 31 L.Ed. 662. The long continuance of overpayments illegally made does not prevent their recovery, even when contractual relations are involved. Grand Trunk Western Ry. Co. v. United States, 252 U.S. 112, 40 S.Ct. 309, 64 L.Ed. 484. Much less where, as here, no contract has been made on the faith of them, for a soldier's services and pay are regulated wholly by law. While there is hardship in recalling money which has probably been spent, there is no basis for an estoppel because of a change of condition on the faith of the conduct or representations of another." Heidt v. United States, 5th Cir., 1932, 56 F.2d 559, 560.

The principle so announced is controlling here. It has been applied on many occasions. See United States v. Wurts, 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932; Kingman Water Co. v. United States, 9th Cir., 1958, 253 F.2d 588; United States v. Independent School Dist. No. 1, 10th

Cir., 1954, 209 F.2d 578; Brooklyn & Richmond Ferry Co. v. United States, 2nd Cir., 1948, 167 F.2d 330; United States v. Bentley, 2nd Cir., 1939, 107 F. 2d 382; La Parr v. City of Rockford, 7th Cir., 1938, 100 F.2d 564. The doctrines declared by McKnight v. United States, 98 U.S. 179, 25 L.Ed. 115, and Walker v. United States, C.C.M.D.Ala.1905, 139 F. 409, are not relevant to the question presented in this case.

There is not error in the judgment of the district court. It is

Affirmed.