OPINION OF THE COURT
Richard F. Kuhnen, J.
Defendant, a member of the fire department of the Village of Johnson City, New York, became disabled in the line of duty and was unable to perform his full-time duties during 1979 and 1980. He received his wages and other benefits during such disability pursuant to section 207-a of the General Municipal Law.
Pursuant to the same statute he was ordered by the village to report for light duty on July 16, 1979, after a medical examination by the village physician who certified him as capable of performing such light duty. Prior to so ordering, the village had filed an application with the State Disability and Retirement System to have the defendant accepted into the system.
Defendant failed and refused to report for light duty. He based his refusal, not on any claim that he was not physically able to perform such light duty, but by an attack on the constitutionality of chapter 965 of the Laws of 1977 amending section 207-a of the General Municipal Law. In a declaratory judgment action which he instituted he asked by motion for injunctive relief to enjoin the village from *532 removing him from the payroll because of his failure to report for light duty. The court granted a preliminary injunction and denied the village’s request to order Glanville to post security to guarantee reimbursement of moneys paid by the village during the pendency of the action. An appeal was taken but in the meantime the village continued to pay defendant the sum of $745.04 biweekly from July 16, 1979, the date when Glanville was to report for light duty as ordered by the village.
On appeal from the order granting the preliminary injunction, the Appellate Division, Third Department, reversed (77 AD2d 692, 692-693) stating that “It is clear that section 207-a of the General Municipal Law, as amended in 1977, does not require a determination by the State Comptroller disapproving an application for accidental disability retirement prior to ordering a disabled fireman fit to perform light duty if the ability of the fireman to perform such light duty exists”. The contrary was the basis of the injunctive order by Special Term.
The defendant reported for light duty on March 20,1980, the Appellate Division having previous to its decision mentioned refused to vacate the automatic stay of the order of the Special Term by reason of the appeal (CPLR 5519, subd [a]).
Plaintiff now seeks to recover $14,872.30, the moneys paid to defendant during the period when defendant failed to appear for light duty as it was subsequently determined he should have done. Defendant has not filed an answer, but moves to dismiss the complaint on the ground that it fails to state a cause of action.
It is clear that, except for the preliminary injunction granted by the Special Term, the village could have discontinued payment to defendant of wages otherwise due, during the period of his refusal of light duty (General Municipal Law, § 207-a, subd 3).
The defendant’s position is, in essence, that while the stay was in effect, the moneys not only could not be withheld from defendant, but that he was entitled to them, regardless of the ultimate determination of his action. The complaint, he says, seeks restitution for unjust enrich *533 ment, something which must be based on “broad considerations of equity and justice”, and which is lacking here, because “Until the Appellate Division decision in March, 1980, the law clearly stated that such light duty could not be required until an injured fireman’s application for disability retirement was rejected by the New York State Comptroller”. As a matter of public policy, defendant argues, he and many others in like situations should not be penalized for their reliance on a view of the law which was confirmed even by a court for the period involved. An analogy is sought to be made to the situation presented here and the situation where an order for payment of alimony is reversed (Averett v Averett, 110 Misc 584, affd 191 App Div 948).
The cause of action which the complaint seeks to state is one for restitution. We must assume, on this motion, that the facts stated are correct and, from the memorandum and affidavits filed on behalf of defendant, they are clearly not in dispute. The effect of a decision upholding the complaint will therefore, for all practical purposes, be decisive of the action.
The remedy of restitution is equitable in nature. A good description of the remedy is stated in New York Jurisprudence (vol 50, Restitution, § 5, pp 156-157): “Independent of any statute, form of action, or legal nomenclature, the obligation to do justice rests upon all persons and the law will compel restitution from a person who obtains money or property of another unjustly or without authority. Whenever one person receives money which in conscience does not belong to him, or has in his possession money which he cannot conscientiously retain from another, whenever one has money in his hands belonging to another, which in equity and good conscience he ought to pay over to that other, or whenever money has been received which belongs to another, such other may recover it. Where a person is in possession of money or property which in good conscience and justice he should not retain, but should deliver to another, the courts impose a duty to refund the money or the use value of the property to the person to whom in good conscience it ought to belong.” (See MacMurray v City of *534 Long Beach, 292 NY 286; Rae v Rosenberg, 67 Misc 2d 881; Atlantic Coast Line v Florida, 295 US 301; Restatement, Restitution, § 74.)
Defendant’s counsel is correct then in quoting in his memorandum from Judge Breitel’s decision in Paramount Film Distr. Corp. v State of New York (30 NY2d 415, 421, cert den 414 US 829) that “The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered”.
However, defendant’s counsel, we feel, has failed to offer any sound reason, in equity and good conscience, why defendant should not return the moneys paid to him.
The village, in protesting payment, did so in reliance on a provision in section 207-a of the General Municipal Law which has been sustained by the appellate court. It announced its intention of seeking recovery if its position were upheld. It requested a bond from the defendant to insure repayment which the court denied. It paid involuntarily and only because the lower court enjoined it from withholding payment.
What of the defendant? The defendant voluntarily assumed the risk that he might not prevail on appeal. He was receiving full wages and benefits under section 207-a because of a disability received in the line of duty and it was just and equitable that public money be used for that purpose, irrespective of the statute. But he admittedly is not completely disabled and it is not disputed that he is still capable of rendering some degree of service to the public in return for those moneys and benefits. The amendment to section 207-a to require light duty from a disabled fireman where practical was only a statutory enactment of what, in “equity and good conscience”, one in defendant’s position should be willing to do irrespective of statutory mandate, in return for public moneys paid to him.
In an analogous context, it was held that the City of Binghamton was entitled to recover moneys involuntarily paid to a disabled fireman for section 207-a payments under court order, pending court test of the constitutionality of the statutory amendments. Justice Yesawich, in *535 Cook v City of Binghamton (Supreme Ct, Broome County, July 21, 1980) stated: “The City’s affirmative claim of entitlement to summary judgment granting it full reimbursement of § 207-a payments made to plaintiff on and after January 1,1978 bears comment. It is the general rule that payments of public money by officials made under a mistake of law may be recovered. N.Y. City Employees’ Retire. System v. Eliot, 267 N Y 193; United States v. Hagan, Cushing Co., 29 F. Supp. 564; Williston on Contracts, Third Edition Sec. 1590. That principle clearly applies when the payment is made pursuant to a legislative act. No authority has been brought to the court’s attention supportive of the plaintiff’s suggestion that this principle is inapplicable when the payment is made under the constraint of a court order.”
We find no public policy which would mandate a different conclusion because there may be others in the same position as defendant. If the same equities exist in favor of reimbursement, it should be made.
The decisions involving payment of alimony under an order which is subsequently modified are not analogous because alimony is a special obligation arising out of the marital relation. (See Haas v Haas, 271 App Div 107; 10 Carmody-Wait 2d, NY Prac, § 70:457, p 744.)
We hold therefore that the complaint should be upheld. As concluded in the MacMurray v City of Long Beach decision (292 NY 286, 291, supra): “Finding in the complaint allegations which, if proved, would establish that the defendant has received from the plaintiff a sum of money which it could not in good conscience retain and that the defendant has refused to pay over the same after demand has been made therefor, a cause of action for money had and received is stated. (Schank v. Schuchman, 212 N. Y. 352, 357-360; Strough v. Board of Supervisors, 119 N. Y. 212, 219, 220; Newman v. Supervisors of Livingston Co., 45 N. Y. 676, 687, 688; and see Chapman v. County of Douglas, 107 U. S. 348, 356; Mayer v. Mayor, 63 N.Y. 455, 458-460.)”